■ In the Matter of the Claim of MARY E. FERENBAUGH, Respondent, against ENDICOTT JOHNSON CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from an award for

reduced earnings due to a permanent partial disability. Claimant sustained a compensable accident in 1948 when she fell and suffered back and head injuries. Compensation was paid for the resulting disability. Subsequently claimant went to work for Sheltered Work Shop for the Disabled, where her earnings increased from time to time until she was earning substantially more than she had earned while in the employ of appellant. These earnings continued until September 14, 1956, when claimant voluntarily quit her job at the Sheltered Work Shop. Appellant contends that it is not liable for any partial disability or reduced earnings thereafter. Claimant was receiving medical attention during all of the period following the accident. There is undisputed medical evidence in the record that claimant continued to have a partial disability attributable in some degree to the accident of 1948. The board has found that as a result of that accident claimant sustained a one-third permanent partial disability. The evidence sustains such a finding. Appellant suggests that the only question presented is whether an award can be based solely upon a medical disability. Under the circumstances presented here we do not think it is quite that simple. Although there is medical opinion that claimant could do light work and evidence that the Sheltered Work Shop would take her back, there is also evidence by the claimant substantiated by the medical evidence that she suffered a great deal of pain, that she had to be in bed a great deal of the time and that she could not endure the hours of work even doing the light work of the Sheltered Work Shop. The superintendent of the Work Shop testified that claimant could not have been employed there unless she were partially disabled. While it may be that disability or inability to work may not be based solely upon testimony of the claimant, certainly such testimony may be considered with all of the other circumstances in the case. When a claimant, concededly suffering from a partial disability, returns to work and for a substantial time earns more than before the accident, it does not necessarily follow that she must continue in that work indefinitely or permanently if there is a question about her ability to do so. This would seem to be especially true when the employment undertaken by the claimant is not normal employment in the open market but is protected employment designed for the benefit of the partially disabled. By attempting rehabilitation a claimant should not be, as a matter of law, foreclosed forever thereafter from claiming compensation for her partial disability. The veracity of the claimant and the question of her good faith in quitting the job are for the board's determination. There is substantial evidence to support the award and it is not contrary to any statutory direction or the general statutory scheme. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.