■   In the Matter of the Claim of SOL HAAR, Respondent, v. STRAUSS-DUPARQUET, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — AULISI, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board finding claimant had a continuing causally related disability and loss of earnings. Claimant was employed by a subdivision of a division of the employer as sales manager and vice-president. There was only one other salesman who covered the Metropolitan area in claimant's division and claimant provided the bulk of the sales and covered the entire country and outside. Claimant hurt his back in a compensable accident December 20, 1963. He returned to work and received his regular wages although his activities were curtailed because of his injury. Eventually, claimant was notified that his employment was to be terminated October 2, 1964 as his branch was being shut down because of company losses. Claimant testified that his sales production fell because he was unable to travel due to his bad back. The president of claimant's division admitted that he brought in more than one half the sales for his subdivision and conceded that if it were making a profit it would not have been closed down. Claimant thereafter started his own corporation which lost money and he also went to work as a national sales manager for another firm. His commissions at this employment were approximately one half of what he had been earning from the employer here. Appellants appeal solely on the contention that the board's decision is not supported by substantial evidence. They argue that the shutdown of claimant's subdivision was purely economic, unrelated to his disability, and in any event, his activities and earning capacity after his leaving employer's employ were equal or better than before his injury. It is well settled that if reduced earnings are caused solely by economic conditions, age or any factor other than his disability, he is not entitled to an award of compensation, but if the disability causes or contributes to the reduced earnings then an award may be made. (See Matter of Schuster v. Taubman, 29 A D 2d 697; Matter of Fromm v. Rochester Tel. Corp., 22 A D 2d 728 and cases cited therein.) This is a factual

issue and if the board's determination is supported by substantial evidence it must be sustained. Although there are discrepancies in the testimony here, the record contains substantial evidence that claimant was partially disabled and that this disability reduced his earning capacity and, therefore, the award cannot be disturbed. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.