■ In the Matter of the Claim of NOEL CALOGERO, Respondent, v STATE INSURANCE FUND et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed December 27, 1973 and December 9, 1974, which determined that claimant was entitled to compensation benefits for reduced earnings. Employed for many years as a hearing representative by the State Insurance Fund, claimant retired from that position on December 31, 1971. While working for the State Insurance Fund, he had suffered two compensable back injuries which resulted in a permanent partial disability, and upon his retirement he accepted a more sedentary position at a reduced salary with Bankers Mutual Insurance Company. He then filed a claim for compensation benefits, and the board, after finding that his post-retirement earning capacity had been adversely affected by his work-connected partial disability, granted him an award for reduced earnings. Appellants here challenge the granting of this award, but we find that it must be affirmed. Where reduced earnings are caused solely by economic conditions or by a claimant's age or any factor other than his disability, there can be no award of compensation. However, where "the disability causes or contributes to the reduced earnings" an award may be made *(Matter of Haar v Strauss-Duparquet,* 29 AD2d 726, mot for lv to app den 21 NY2d 646). In this instance, the record supports a finding that claimant sustained a permanent partial disability as a result of admittedly compensable back injuries and that his resultant condition mandated that he avoid bending, lifting, twisting and other such physical activities. Furthermore, it is likewise clear that his new lower paying position with Bankers Mutual was a more sedentary "desk job" in which he could more readily avoid the lifting and travel involved in his previous position. Accordingly, substantial evidence supports the board's factual determination that there was a causal relationship between claimant's back injuries and his reduced earning capacity, and, therefore, the determination must be affirmed *(Matter of Schmitt v Alpha Delta Phi Fraternity House,* 33 AD2d 1082, mot for lv to app den 27 NY2d 481). Appellants' remaining contention that claimant's present employment is a contributing factor to his disability presented a similar factual issue for the board whose resolution thereof we will not disturb. Decisions affirmed,

without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.