■ In the Matter of the Claim of ELIZABETH FASO, Respondent, v PIONEER CENTRAL SCHOOL SYSTEM et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed November 18, 1976 and June 2, 1977, which, respectively, found that the decedent sustained an accidental injury and death arising out of and in the course of employment and awarded benefits to the claimant. The decedent was a principal of an elementary school and on June 16, 1973 he died from a myocardial infarction as he was walking on a sidewalk in the front of a school building. Upon the present record it is certain that his employment activities on the day of his death had no particular impact upon his underlying coronary arteriosclerosis and angina which pre-existed the fatal infarction. However, the record does contain evidence that, during the school year immediately preceding the death, the decedent had been involved in the preparation of a report which would be an additional duty to the ordinary duties of a principal, and on May 19, 1973 he had suffered angina and his physician had recommended that he "take it easy". The same physician testified that the work activities of the decedent were the cause of the heart attack. The board has found that the additional work of the decedent and continuing to work full time following the attack of May 19, 1973 was excessively arduous and strenuous and precipitated the death. While this claim is unlike that involved in *Matter of Lagona v Starpoint Cent. School* (50 AD2d 236, affd 40 NY2d 1034), relied upon by the board as to the work activities on the day of the fatal heart attack, there nevertheless is evidence to support the findings of the board and the evidence, although minimal, is of the same nature as that in *Lagona.* (See, also, *Matter of O'Donnell v Town of Moriah,* 58 AD2d 702.) Accordingly, the decisions cannot be said to lack the support of substantial evidence (cf. *Matter of Maynard v Industrial Welding Corp.,* 63 AD2d 772) as to accidental injury. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of VINCENT INCITTO, Respondent, v ALLEGHENY LUDLUM STEEL CORP., INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 30, 1976. Claimant sustained a compensable accident and the sole issue on this appeal is the propriety of an award of reduced earnings in light of claimant's ultimate return to lower paying employment. The board has determined that there was medical testimony to support a finding that claimant's change of jobs resulting in reduced earnings was necessitated by his prior compensable injury. Since substantial evidence supports the determination, it should be affirmed (see *Matter of Calogero v State Ins. Fund,* 53 AD2d 726). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.