■ In the Matter of the Claim of STANLEY OSOWSKI, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 25, 1979, which denied claimant continuing compensation payments on the basis that he voluntarily left his employment. Claimant began his employment with BOCES as a teacher's aid in the automotive shop in September, 1972. He sustained a compensable back injury in January of 1975 which caused him to be out of work for five weeks. Claimant continued in his employment without any significant lost time until the fall of 1977. Thereupon, through two letters dated October 6 and October 17, claimant notified his employer of his intention to retire effective January 1, 1978 because of continuing pain caused by his prior back injury. Following his retirement at the age of 61, claimant moved to Florida. Because he had completed five years of service with his employer, claimant qualified for a $45 a month pension. There is substantial evidence to support the board's finding that claimant voluntarily retired. Although a person who has suffered a partial disability is not precluded from claiming compensation by attempting to return to work (Matter of Ferenbaugh v Endicott Johnson Corp., 9 AD2d 594), the question of whether a worker's retirement is caused by his disability or by other factors is a factual issue for the board to resolve (Matter of Haar v Strauss-Duparquet, 29 AD2d 726,

mot for lv to app den 21 NY2d 646). In the instant case, the claimant waited almost three years from the date of his back injury before retiring. When he did retire, he had barely accumulated the minimum time required to earn a pension from his employer. Claimant made no attempt to search for employment which was compatible with his disability, but instead, chose to immediately retire to Florida. From these facts, the board could properly infer that claimant's true motivation for retiring was personal and not based on his disability. Accordingly, the board's decision must be upheld. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.