■ In the Matter of the Claim of JOSEPH A. PACER, Respondent, v. GRAYBAR ELECTRIC Co., INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board, filed June 29, 1967. Claimant worked for appellant for many years and on December 12, 1960 was employed as a packer. The job involved packaging types of cartons and weights for shipment to purchasers. While lifting a 50-pound carton he was packaging to the scale located upon a table adjacent to his work bench, but about 14 inches higher, he suffered a severe pain in the chest. The pain left him momentarily, but as he again picked up the carton to put it on the truck, he experienced another series of pains in the chest. Shortly thereafter, claimant was taken to the hospital by appellant's operating manager and a coworker where he was admitted and treated for a cardiac condition until January 17, 1961. On March 6, 1961, claimant returned

to work on a part-time basis until April 1, 1961 when he resumed full-time employment, but doing lighter work than he had as a packer. Claimant received his full wages from the day of the accident until his return to full-time employment and his medical expenses were also paid by appellant. A claim for compensation was filed on January 8, 1965. The board found that the work on December 12, 1960 precipitated a myocardial infarction constituting an accidental injury arising out of and in the course of employment. Although the claim was filed after the time limitation of section 28 of the Workmen's Compensation Law, the board further found that the payment of wages to claimant constituted an advance payment of compensation and a waiver of the time limitation. Appellant contends that the wage payments were not advance payments waiving the Statute of Limitations since they were paid pursuant to a disability and pension plan and in any event there is no causal connection between the alleged myocardial infarction and the employment. Under appellant's disability and pension plan, based upon his length of service, claimant was entitled to full pay for six months and half pay for six months. The plan provided that sickness benefits began on the eighth calendar day of absence on account of disability and when any wages were paid by the company, the employee was not entitled to benefits. Payment to claimant from the date of the accident at full wages and continuing even after his return to part-time work, together with the statement by the branch manager that claimant would be paid as long as he was sick, is more consistent with the payment of compensation benefits than with the alleged plan payments. He was entitled to payment for the first seven days for an extended disability and to reduced earnings for partial disability under the Workmen's Compensation Law, but appellant's plan specifically excluded such payments. In addition, appellant had knowledge of the lifting episode and the circumstances surrounding claimant's injury, and, in fact, subsequently had the height of the table holding the scale lowered to facilitate the job of the packer. Upon this record, we cannot say as a matter of law that the board erred since its determination that the payment of wages constituted an advance payment of compensation and was, therefore, a waiver of the Statute of Limitations, is supported by substantial evidence. (See *Matter of Widrig* v. *Newhouse Distrs.*, 12 A D 2d 684; *Matter of Crook* v. *De Laval Separator Co.*, 3 A D 2d 773; *Matter of Di Stefan* v. *Israel & Brenner, Inc.*, 1 A D 2d 864, mot. for lv. to app. den. 1 N Y 2d 642; *Matter of Pogue* v. *Crouse Irving Hosp.*, 281 App. Div. 931, mot. for lv. to app. den. 306 N. Y. 979.) Likewise, the record contains substantial evidence, including testimony that the time of the accident was the busy season with a lot of overtime, that claimant had to lift cartons weighing as much as 70 pounds, and that because of the position and angle of the work bench and scale the lifting was strenuous and arduous, to sustain the board's finding of causally related accidental injury (see *Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34; *Matter of Stachera* v. *Dave Hallman Chevrolet*, 30 A D 2d 988). The conflicting medical testimony is an issue for board determination and again when there is substantial evidence supporting its conclusion, it is final and conclusive (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529; *Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.