In the Matter of the Claim of LOUISA FAZIO, Respondent, v A. TORREGROSSO & SONS, INC., et al., Appellants. WORKMEN's COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed June 23, 1977, which affirmed a referee's decision finding that the claim for compensation was timely filed under section 28 of the Workmen's Compensation Law. The board found: "the payment made to the claimant for one month after the accident was an advance payment of compensation. The claimant was hospitalized for the period February 5 to February 14 during which period payment was being made. The trip undertaken was at the behest and inured to the benefit of the employer. Payment made to the claimant was not for work rendered nor was it vacation pay due to the claimant. The employer was aware of the severity of claimant's condition and continued to pay her salary, thereby constituting an advance payment of compensation to toll the application of Section 28." There is substantial evidence to sustain the determination of the board. Decision affirmed, with costs to respondents filing briefs. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.

In the Matter of the Claim of JOSEPHINE J. JANUSZ, Respondent, v KISTLER INSTRUMENT CORP. et al., Appellants. WORKMEN's COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed June 18, 1976 and March 29, 1977. Claimant contracted an occupational disease resulting from the handling of epoxy and other chemicals in her work for an electronics manufacturer. A form of dermatitis known as onchyolysis, the condition causes a distortion and separation of the fingernails. While she could no longer work with chemicals, claimant did find intermittent employment as a waitress. In acting on her claim for compensation, the board determined that claimant has a 25% causally related disability and affirmed an award of $20 per week for reduced earnings, the minimum amount. On this appeal the carrier contends there is no substantial evidence to support an award for loss of earnings since it appears that claimant's periodic loss of employment as a waitress was due to economic conditions rather than a work-connected disability. The award for loss of earnings is grounded on a disability to perform the work at which claimant was last employed (see Workmen's Compensation Law, § 37, subd 1). If economic conditions thereafter prohibit work in fields to which she is limited, claimant is still entitled to reduced earnings based upon her disability provided there is substantial evidence to support a finding that her disability contributed directly to the loss of wage-earning capacity and is not *solely* the result of those conditions. We find such evidence in this record *(Matter of Calogero v State Ins. Fund,* 53 AD2d 726). Decisions affirmed, with costs to the Workmen's Compensation Board. Mahoney, P. J., Kane, Main, Larkin and Mikoll, JJ., concur.