In the Matter of the Claim of FRANCIS D. JULIAN, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, November 9, 1978

### APPEARANCES OF COUNSEL

*George E. Ashley (A. Anthony Kelsey* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Jorge J. Gomez* and *Daniel Polansky* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

LARKIN, J.

On July 13, 1971, claimant, a service foreman, went on a service call with another foreman on the eve of a threatened

union work stoppage. While helping to pull wires up a hill, the claimant alleged that he felt pain in his chest. Thereafter, he reported his problem to the telephone company's medical department. On the following day, when the strike went into effect, claimant was assigned security duty at a company garage. After complaining about "not feeling well", the claimant was driven to the hospital by his supervisor. The supervisor later testified that he had no recollection of the claimant telling him he had been injured on the job.

Claimant did not return to work until April 6, 1972. During this interval he received full salary from July 15, 1971 until March 24, 1972 and half salary from that date until he returned to work. Those payments were made in accordance with the company's disability benefits plan. Upon claimant's return to work, he was found to be unfit for regular duty and assigned sedentary work for the next year at full salary. The record indicates that the claimant had various medical problems which apparently were not work related.

No written notice of the accident was given to the employer until December 7, 1971, more than five months after the accident occurred. The employer was not notified of the possibility that the injury was work related until August 23, 1972, and no claim for workers' compensation was filed until September 17, 1973, more than two years after the accident.

Although the appellant employer urges that there was noncompliance with both sections 18 and 28 of the Workers' Compensation Law so as to defeat the claim herein, the record indicates that the application for review of the referee's decision, received by the board on May 20, 1975, raised objections only to the determination that section 28 of the Workers' Compensation Law was not applicable because the company made advance payments. The board did not consider the issue of compliance with section 18 of the Workers' Compensation Law. Therefore, that issue is not before this court.

The board, in its amended decision, found that "[t]he employer had knowledge of the claimant being injured on the job and was given light duty and that the Disability Benefits payments were advance payments of compensation as to waive the requirements of Section 28 of the Workmen's Compensation Law". The Workers' Compensation Law, although prescribing a two-year limitation for the filing of a claim, provides in part: "[n]o case in which an advance payment is made

to an employee * * * shall be barred by the failure of the employee * * * to file a claim" (Workers' Compensation Law, § 28). The board held that the filing of the claim after the two-year period did not bar the claim because the employer had made advance payments of compensation to the claimant. "Advance payments" have been construed to mean payments on account of compensation which imply a recognition of liability (*Matter of Schmitt v Alpha Delta Phi Fraternity House,* 33 AD2d 1082). Payments by an employer which result solely from a finding of disability regardless of its cause are not advance payments of compensation (*Matter of Krystofik v General Elec. Co.,* 54 AD2d 137; *Matter of Rivard v New York State Police State Campus,* 46 AD2d 34).

In our view this record does not provide substantial evidence to impute knowledge of the accident to the employer. Although the disability payments continued beyond December of 1971 when the employer first learned of the accident, because of claimant's prior medical history there was no reasonable basis for relating the injury to the employment activity. The first probability of recognition of liability would have been in August, 1972 when the claimant's doctor first advised that the injury was work related. Disability payments had ceased prior to that date. Although it is true that it is not necessary for the employer to know with certainty that there has been an accident arising out of and in the course of employment in order to sustain the finding of advance payment of compensation (*Matter of Fazio v Torregrosso & Sons,* 62 AD2d 1128), the *Fazio* case and the cases cited therein provide a stronger basis than the instant case for relating injury to the work-related activities. In the instant case the disability payments commenced before the employer received notice of the accident and, upon review, do not meet the standard for advance payments set out in *Matter of Lombardo v Endicott Johnson Corp.* (275 App Div 18).

The claimant urges that the continuation of the claimant's full salary when he returned to work, even though he had been reassigned to lighter duty, raises the presumption that at least part of the payment was intended by the employer to be in lieu of compensation. Such presumption arises, however, only if the employer was aware of the compensable injury (3 Larson, Workmen's Compensation Law, p 143). On this record, the employer became aware of the possibility of a compensable injury on August 23, 1972, more than four months after

the claimant had returned to work and had been reassigned. The testimony in the record of the claimant's coworkers does not provide substantial evidence to support the determination that there was prior oral notice to the employer.

The decision should be reversed, with costs to appellant against respondents filing briefs, and the claim dismissed.

HERLIHY, J. (dissenting). The evaluation of testimony and other evidentiary matters is primarily for the Workers' Compensation Board. While it is entirely possible that the oral notice of claimant's injury did not reach each and every division of the employer, there was testimony of oral notice and it is established that he became so ill *on the job* that a supervisor gave him transportation to the hospital.

The board in its amended decision found that the assignment of the claimant to light duty and the payment of disability benefits were with knowledge of an injury on the job, and there is substantial evidence in the record as a whole and as referred to in the board's decision to support the award of benefits. (See *Matter of Fazio v Torregrosso & Sons,* 62 AD2d 1128; *Matter of Holmes v McCampbell,* 39 AD2d 624; *Matter of Pacer v Graybar Elec. Co.,* 31 AD2d 678.)

The decision should be affirmed.

KANE, J. P., and MAIN, J., concur with LARKIN, J.; MIKOLL and HERLIHY, JJ., dissent and vote to affirm in an opinion by HERLIHY, J.

Decision reversed, with costs to appellant against respondents filing briefs, and claim dismissed.