**John Calhoun WELLS, Secretary of Labor Cabinet (Special Fund), Appellant,**

v.

**HOBART CORPORATION, Ollie Clayton Greene, and Workers' Compensation Board, Appellees.**

**HOBART CORPORATION, Appellant,**

v.

**Ollie Clayton GREENE, John Calhoun Wells, Secretary of Labor Cabinet (Special Fund), and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

March 7, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court May 13, 1986.

John E. Stephenson, Labor Cabinet, Louisville, for appellant/appellee, John Calhoun Wells, Secretary of Labor Cabinet (Special Fund).

Steven G. Bolton, Frankfort, for appellant-appellee, Hobart Corp.

John M. Rompf, Jr., White, McCann & Stewart, Winchester, for appellee, Ollie Clayton Greene.

Before COMBS, HOWERTON and WHITE, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Montgomery Circuit Court, reversing an order by the Workers' Compensation Board which dismissed appellee's claim for permanent occupational disability benefits.

Appellee Ollie Clayton Greene worked as a laborer for appellant Hobart Corporation for over nine years. During the last five years, Greene suffered continuous exposure to vapors from an acid stripper and dust from a polyvinyl coating process. In April of 1979, Greene developed severe shortness of breath at work, requiring medical treatment. Later that month,

Greene suffered another acute attack of shortness of breath at work. Hobart Corporation referred Greene to Dr. Porter Mayo in Lexington, Kentucky. After consulting with allergist Dr. Mayer and performing diagnostic tests, Dr. Mayo concluded that Greene did not suffer from an allergy. Dr. Mayo treated Greene for obstructive airway disease.

Greene's breathing difficulties persisted, so he consulted pulmonary specialist Dr. John Dineen in August of 1979. Based on Greene's productive cough and marked decrease in pulmonary functions following his work shift, Dr. Dineen opined that Greene suffered from severe work-related bronchospastic lung disease. Dr. Dineen continued to treat Greene for nearly three years, following his disease in great detail. Greene is still working at the Hobart Corporation, but his breathing difficulties forced him to give up production work and to change to a less strenuous lower paying job.

Greene brought this action for occupational disability benefits based on his work-related exposure to respiratory irritants. He was examined by a battery of physicians, whose diagnoses ranged from no *severe* functional impairment to 100% occupational disability.

On August 22, 1983, the board ruled that Greene suffered no permanent occupational disability. The board found that Greene's shortness of breath was caused by an allergic-type bronchitis reaction to the chemical vapors at his work. It cited Dr. Dineen's testimony as proof that Greene's shortness of breath resolved itself after he was transferred to another plant location causing no permanent occupational disability. The board stated that Dr. Mayo diagnosed Greene's condition as chronic allergic bronchitis.

We have carefully reviewed the entire record in this case, and we agree with the lower court's decision. The record contains overwhelming evidence that Greene suffered some degree of occupational disability. Contrary to the board's finding of fact, Dr. Dineen repeatedly testified that

Greene was totally and permanently disabled. Contrary to the board's finding of fact, Dr. Mayo ruled out chronic allergic bronchitis after consulting with allergist Dr. Mayer. In our opinion, no reasonable person could agree with the board's ruling based on the evidence contained in the entire record. *See Ireland v. Liberty Mutual Insurance Company*, Ky., 462 S.W.2d 903 (1971). In our opinion, the board's ruling was so arbitrary and capricious as to require a reversal. *See* KRS 342.285(3)(e).

However, we agree with both parties that the circuit court has no power to make its own findings of fact or to direct the Workers' Compensation Board to find any specific degree of disability. *Wolf Creek Collieries v. Crum*, Ky.App. 673 S.W.2d 735 (1984). We note that the lower court did not direct the board to make any specific findings on remand, and we view its purported findings as an attempt to articulate the reasoning behind its decision.

The judgment of the Montgomery Circuit Court is affirmed.

All concur.