**LITERS QUARRY, INC., Appellant,**

v.

**Jack EDDAY; Larry D. Beale, Director of Special Fund; and Workers' Compensation Board, Appellees.**

**Larry D. BEALE, Director of Special Fund, Appellant,**

v.

**Jack EDDAY; Liters Quarry, Inc., and Workers' Compensation Board, Appellees.**

Nos. 88–CA–152–S, 88–CA–185–S.

Court of Appeals of Kentucky.

Nov. 11, 1988.

Rehearing Denied Feb. 24, 1989.

Discretionary Review Denied by Supreme Court June 21, 1989.

William P. Swain, Boehl Stopher Graves & Deindoerfer, Louisville, for appellant, Liters Quarry, Inc.

Cathy Utley Costelle, Labor Cabinet, Louisville, for appellant, Special Fund.

G. Edward James, Berry & Floyd, P.S.C., Carrollton, for appellee, Jack Edday.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

COMBS, Judge.

These are two direct appeals from an order of the Shelby Circuit Court reversing the order of the Workers' Compensation Board (Board) denying appellee's claim for permanent occupational disability benefits.

On October 18, 1984, Jack Edday, then aged 79, was injured when his truck overturned in the course and scope of his employment with Liters Quarry, Inc. He has an eighth-grade education, work experience in farming and truck driving, and no vocational training.

Uncontradicted evidence shows Edday has worked daily most of his life and was regularly working at the time of the accident although elderly with several non-disabling physical ailments. He had not required treatment nor experienced any disabling symptoms prior to this accident.

Edday was capable of performing his work duties before the accident, but has not been able to since. As such, he has not returned to work since the date of the accident.

Edday brought this claim for occupational disability benefits before the Board based on the truck accident which caused a fracture of the right clavicle and a compression fracture of the fifth lumbar vertebra. He was examined by two physicians. Dr. David Wallace found Edday 100% disabled due to the work related injuries. Dr. Raymond Shea found Edday had a 2½% functional impairment as a result of those injuries.

Both doctors agree that he is unable to work. Dr. Wallace opines this is due solely to the injury while Dr. Shea's opinion is that it is due to age, osteoarthritis and diabetes. However, Dr. Shea's testimony suggests Edday was totally disabled prior to October 18, 1984. Such a conclusion is clearly erroneous.

On November 10, 1986, the Board ruled that Edday suffered no permanent occupational disability and "taking into consideration the plaintiff's age, education, and work history, that the plaintiff's injury was not of such appreciable proportions that he would be impaired on the future labor market." The Board did not find the clavicle fracture resulted in occupational disability and did not consider the compression fracture in its findings of fact.

Edday appealed successfully to the Shelby Circuit Court. These appeals by Liters Quarry and the Special Fund followed.

We have carefully reviewed the entire record in this case, and we agree with the lower court's decision. The record contains overwhelming evidence that Edday has suffered some degree of occupational disability. *See Osborne v. Johnson*, Ky., 432 S.W. 2d 800 (1968) (Board erred in basing award on disability percentage rating rather than on physician's evaluation that employee was unable to perform hard physical labor required in mining); *Dolt & Dew, Inc. v. Smith*, Ky., 493 S.W.2d 711 (1973) (there is a preference of employer to hire an able-bodied, younger person). Edday has carried his burden of proving this evidence to compel such a finding. *Paramount Foods, Inc. v. Burkhardt*, Ky., 695 S.W.2d 418 (1985).

Contrary to the Board's finding, Dr. Wallace testified as to the compression fracture and its disabling effects. Dr. Shea,

while not finding evidence of that fracture eight months after the accident, could not rule out its occurrence. In fact, he corroborated Dr. Wallace's testimony to the extent that the injury which caused Edday the greatest pain and discomfort would have been the injury to the low back, if in fact, an injury had been sustained there.

In our opinion, no reasonable person could agree with the Board's ruling based on the evidence contained in the entire record. *Wells v. Hobart Corporation*, Ky. App., 708 S.W.2d 112 (1986).

We find the Board's ruling so arbitrary and capricious as to require reversal. KRS 342.285(3)(e).

The order of the Shelby Circuit Court is affirmed.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure for further appellate steps, is reinstated effective the date of this opinion.

ALL CONCUR.