**J.D. LUNSFORD and State Compensation Insurance Authority, Petitioners,**

v.

**Timothy S. SAWATSKY, the Industrial Claim Appeals Office of the State of Colorado, Director, Division of Labor, Aspen Plumbing and Heating, Inc., and Continental Surety and Fidelity Insurance Company, Respondents.**

**No. 88CA1890.**

Colorado Court of Appeals,
Div. IV.

Aug. 31, 1989.

Rehearing Denied
Oct. 19, 1989.
Certiorari Pending (89SC604).

John Berry, Denver, for petitioners.

Withers, Seidman & Rice, P.C., Charles E. Withers, Grand Junction, for respondent Timothy Sawatzky.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Carol A. Finley, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Labor.

Blackman & Levine, Tama L. Levine, Denver, for respondents Aspen Valley Plumbing and Heating, Inc. and Continental Sur. and Fidelity Ins. Co.

DUBOFSKY, Judge.

J.D. Lunsford and State Compensation Insurance Authority, petitioners, seek review of a final order of the Industrial Claim Appeals Office (Panel) which awarded temporary total disability benefits to Timothy Sawatzky (claimant). We affirm.

Claimant, a plumber, initially sustained a shoulder injury in June 1986 while employed by Lunsford. After the June 1986 injury, claimant was on temporary disability leave for three weeks and then returned to work. Because of a lack of work, claimant was laid off by Lunsford in November 1986.

In January 1987, he took a job with Aspen Valley Plumbing and Heating, Inc. (Aspen), and was able satisfactorily to perform this job until his shoulder was reinjured on June 15, 1987. Immediately after this reinjury, claimant's physician indicated that claimant would not be able to return to work for four weeks and recommended surgery.

Based on this medical opinion, claimant was paid temporary total disability benefits until July 13, 1987. On that date Aspen informed claimant that he had lost his job because of a reduction in the work force.

Although the recommended surgery had not been done, claimant was released to return to work by his physician after July 13, 1987; but the injury to his shoulder continued to cause problems, and significant medical restrictions were imposed on the use of the arm. Nevertheless, after being laid off by Aspen, claimant sought other employment, which he obtained on August 12, 1987.

Addressing the issues relative to the reinjury or second injury, the Administrative Law Judge (ALJ) disallowed temporary disability payments after July 13, 1987, on the basis that the subsequent loss of employment was a result of economic factors. The Panel found that maximum medical improvement would not be reached until after the recommended surgery, and it reversed the ALJ and awarded claimant temporary disability from the time of claimant's second injury, June 15, 1987, until his new employment on August 12, 1987.

I.

Petitioners first assert that claimant is not entitled to temporary disability benefits because his wage loss was a result of economic factors and not his injury. We disagree.

On July 13, 1987, when Aspen laid off claimant, he had not reached maximum medical improvement. The medical testimony indicated that the injury in 1986 was the major cause of the claimant's disability and that the injury he sustained on June 15, 1987, aggravated the previous serious injury.

The Panel found the petitioners liable for temporary disability payments because the claimant was disabled at the time Aspen informed him of the work force reduction and because the layoff was not claimant's fault. The Panel in explaining its decision stated: "Loss of employment, because of economic circumstances is not the 'fault' of the employee, and does not serve to sever the causal connection between the injury and any subsequent wage loss."

The apparent rationale for this holding is that the employee's physical restrictions which impair his ability to perform his work affect the available employment opportunities. Hence, the injury contributes to the claimant's loss of wages during the healing period. We agree with this analysis.

The purpose of the Workmen's Compensation Act (Act) is to provide protection for employees who sustain injuries arising out of their employment. *Bellendir v. Kezer*, 648 P.2d 645 (Colo.1982). The Act should be liberally construed to effectuate its humanitarian purpose of assisting injured workers. *Conley v. Industrial Commission*, 43 Colo.App. 10, 601 P.2d 648 (1979).

Temporary disability benefits are based on the worker's loss of earning power and are designed for protection against actual loss of earnings as a result of an industrial accident. *City of Littleton v. Schum*, 38 Colo.App. 122, 553 P.2d 399 (1976). A worker who is disabled because of a job related injury is often significantly restricted from obtaining new employment.

Accordingly, in order to effectuate the purpose of the Act, the responsibility for the injured claimant's unemployment appropriately rests with the employer when the claimant has been laid off through no fault of his own. *See Monfort of Colorado v. Husson*, 725 P.2d 67 (Colo.App.1986).

■ To hold otherwise would place injured employees in a precarious economic position and would ignore the important causative role of the injury. Thus, if, as here, an injured employee loses his job because of economic factors, is not at fault for the layoff, and has reasonably sought new employment, the employee is entitled to temporary disability benefits. *Accord Janusz v. Kistler Instrument Corp.*, 62 A.D.2d 1128, 404 N.Y.S.2d 454 (1978); *Dolt & Dew, Inc. v. Smith*, 493 S.W.2d 711 (Ky.1973); *Hardy v. Hardy's Trailers Sales, Inc.*, 448 A.2d 895 (Me.1982).

## II.

Petitioners next contend that the Panel erred in reversing the ALJ's decision because it is supported by substantial evidence and law. We disagree.

The ALJ originally awarded benefits for temporary total disability, but in a supplementary order determined that the layoff subsequent to July 13, 1987, was not attributable to claimant's injury. The Panel reversed, concluding that the combination of the doctors' opinions relied on by the ALJ, claimant's ability to work in his previous occupation, and his layoff for economic reasons do not provide a legal basis for the denial of benefits.

■ Under § 8–53–111(7), C.R.S. (1988 Cum.Supp.), the Panel had authority to set aside the ALJ's order because the findings of fact did not support the order and the denial of benefits was not supported by the applicable law. *See Gruntmeir v. Tempel & Esgar, Inc.*, 730 P.2d 893 (Colo.App. 1986).

Petitioners finally contend that, if the claimant is entitled to temporary disability benefits subsequent to July 13, 1987, Aspen and its insurer are liable for the payment of those benefits because Aspen was claimant's employer when his second injury occurred. However, this contention was raised for the first time in the petition for

review, to this court, and we therefore decline to consider it. *See Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App.1986).

Order affirmed.

TURSI and FISCHBACH, JJ., concur.