**CITY OF AURORA, Petitioner,**

v.

**Maribeth DORTCH, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 89CA1984.**

Colorado Court of Appeals,
Div. IV.

Sept. 20, 1990.

Office of the City Atty., Charles H. Richardson, Julia A. Bannon, Ann McEntire–Barden, Aurora, for petitioner.

David J. Greene, Denver, for respondent Maribeth Dortch.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carolyn A. Boyd, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge MARQUEZ.

The City of Aurora, a self-insured employer, contests a final order of the Industrial Claim Appeals Office (Panel) which held that claimant, Maribeth Dortch, was entitled to temporary total disability benefits. We affirm the order.

The claimant sustained a compensable injury in August 1987 while employed by the City of Aurora as a lawn inspector during the summer months. The claimant had been a seasonal worker for the City for four years; however, the record establishes that during the off-season months when she was not employed by the City of Aurora, the claimant had either worked, trained for work, or sought work with other employers.

The Administrative Law Judge (ALJ) found that claimant resigned from her position with the City shortly after her work injury, in part because of the disabling effects of the injury. The ALJ concluded, based upon supporting medical evidence, that claimant has been temporarily totally disabled since the date of her resignation, and he awarded ongoing disability benefits as of that date. On review, the Panel approved the ALJ's findings of fact and conclusions of law and affirmed the award.

█ The sole issue on review is whether the claimant's seasonal employment precludes an award of disability benefits as a matter of law. The City argues that the claimant's term of employment would have expired in September 1987, regardless of her disability, and that claimant therefore cannot establish that her subsequent wage loss was attributable to her industrial injury. We reject this contention.

The relationship between injury-related wage loss and economic wage loss was addressed in *Lunsford v. Sawatsky*, 780 P.2d 76 (Colo.App.1989). In that case, we upheld an award of temporary disability benefits under circumstances in which the injured worker's job was terminated because of a reduction in work force. We held that if a claimant's post-injury wage loss is due in part to economic conditions, then an award of temporary disability benefits is proper so long as the claimant was not at fault for his loss of employment or

reduced earnings, the claimant's industrial disability has caused or contributed to his reduced earnings, and the claimant has reasonably sought new employment.

The City of Aurora argues that *Lunsford* is inapplicable because, unlike the employee in *Lunsford*, the claimant here had no expectation of continued employment. However, we do not agree that an employee's expectation of continued employment is a dispositive consideration.

 Temporary disability benefits are designed to protect an injured worker against lost wages *or impaired earning capacity* arising from a compensable injury. *See Monfort v. Husson*, 725 P.2d 67 (Colo.App.1986). Whether a claimant's industrial disability has caused or contributed to his reduced earnings is a question of fact, *see Monfort v. Husson, supra*, and the ALJ's resolution of this issue, if supported by substantial evidence, is conclusive on review. *See Gelco Courier v. Industrial Commission*, 702 P.2d 295 (Colo. App.1985).

Here, the determination that claimant has been totally temporarily disabled since August 1987 is amply supported by the claimant's testimony regarding her physical condition and the medical reports of claimant's treating physicians. In addition, there is uncontroverted evidence that the medical restrictions imposed by claimant's physician were a limiting factor in her search for alternate employment and that claimant was unsuccessful in obtaining gainful employment. Accordingly, it cannot be said that claimant's wage loss was either voluntary or due solely to the fact that her seasonal employment would have expired in September 1987. Because the record establishes that claimant's industrial disability contributed directly to her post-injury wage loss, the award of temporary disability benefits was proper. *See Lunsford v. Sawatsky, supra*.

Order affirmed.

METZGER and JONES, JJ., concur.