Phyllis VAN DYKE, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Regional Transportation District,** Respondents.

No. 92CA1133.

Colorado Court of Appeals,
Div. III.

May 20, 1993.

Ashen & Associates, P.C., James E. Freemyer, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Rolf G. Asphaug, Denver, for respondent Regional Transp. Dist.

Opinion by Judge NEY.

Phyllis Van Dyke, claimant, seeks review of a final order of the Industrial Claim Appeals Panel determining that she was not entitled to temporary disability benefits subsequent to October 13, 1986, the date she reached maximum medical improvement. We set aside the order.

The claimant suffered an admitted lower back injury on June 25, 1986. However, on June 27, 1986, the claimant was terminated by her employer based on an incident that had occurred five days prior to her injury. In May 1989, the Administrative Law Judge (ALJ) determined that the claimant was not "at fault" for the termination. Nevertheless, as pertinent here, the ALJ determined that the claimant reached maximum medical improvement on October 13, 1986, and found that the injury did not preclude the claimant from returning to her usual occupation. The claimant, however, remained unemployed. She was awarded temporary total benefits until October 13, 1986, and her claim for temporary total and temporary partial benefits thereafter was denied and dismissed.

Also in May 1989, the parties stipulated that the claimant would be offered a vocational rehabilitation evaluation, and in August 1990, after the Director determined that the claimant was eligible for vocational rehabilitation benefits, the employer began paying temporary total disability benefits to the claimant. These payments continued until December 1991, when the employer admitted that the claimant was 20 per cent permanently partially disabled and, accordingly, paid permanent partial disability benefits.

Claimant appealed from the 1989 order denying benefits. That order was set aside by the Panel, and it remanded the matter for further findings concerning the applicability of *Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo.1989). On remand, however, the ALJ determined that *Allee* was not applicable because that holding addresses situations in which the claimant is on temporary disability benefits caused by the work-related injury.

On subsequent consideration, the Panel agreed that *Allee* applies only to cases in which the worker has attained maximum medical improvement but is still unable to return to work as a result of the injury while awaiting a vocational rehabilitation determination or program. It also ob-

served that the *Allee* decision specifically recognizes the possibility that a worker may be eligible for vocational rehabilitation benefits but not be entitled to temporary disability benefits because of intervening events.

Applying those principles to this case, the Panel noted that the claimant did not contest the ALJ's finding that she was not disabled after October 13, 1986, and that such finding was supported by substantial evidence. It therefore concluded that the ALJ's determination that the claimant was in fact physically able to return to work was a "statutory" cause recognized by *Allee* as justifying an independent termination of temporary disability benefits. Accordingly, the Panel determined that the vocational rehabilitation proceedings here had no effect on claimant's entitlement to further temporary disability benefits.

The Panel also rejected the argument that the claimant was entitled to continued benefits pursuant to the holdings of *Lunsford v. Sawatsky*, 780 P.2d 76 (Colo.App. 1989) and *Monfort of Colorado v. Husson*, 725 P.2d 67 (Colo.App.1986). It reasoned that the holdings of these cases are limited to *disabled* or *impaired* workers whose employment is terminated without fault and concluded that since the ALJ had found that the claimant was at maximum medical improvement and was able to return to work full time, she was not entitled to temporary *disability* benefits as a matter of law.

As a result of its resolution, the Panel did not address the claimant's remaining argument that the ALJ made insufficient findings concerning whether she had reasonably sought new employment after the termination.

## I.

Claimant first contends that *Allee* requires an award of temporary disability benefits from October 13, 1986, through the time she either commenced a vocational rehabilitation program or vocational rehabilitation was found to be unnecessary.

## A.

■ Initially, we note that the Director's order determining the claimant's eligibility for vocational rehabilitation was not appealed by the respondents. And, as the Panel noted, the issue of the claimant's entitlement to vocational rehabilitation was not addressed by the parties or the ALJ upon remand.

In addition, our review of the record confirms that the ALJ recognized the paradox here of the employer offering a vocational rehabilitation evaluation to a claimant who could return to suitable gainful employment. However, on remand the ALJ only considered the claimant's entitlement to temporary disability benefits and did not reconsider the issue of entitlement to a vocational rehabilitation evaluation or whether the claimant should have been found eligible by the Director.

Therefore, we reject the Panel's conclusion that the vocational rehabilitation proceedings here had no effect on the claimant's entitlement to further temporary disability benefits.

## B.

■ In addition, we note that the statutory causes which *Allee* recognized as allowing the suspension of temporary disability benefits are limited to those expressly set forth in various provisions of the Workers' Compensation Act as they existed prior to the repeal of the vocational rehabilitation scheme. *Allee* also recognized that the General Assembly knew how to express its intent to terminate temporary disability benefits upon a worker's attainment of maximum medical improvement in 1987 when it repealed the statutory vocational rehabilitation program with respect to all work-related injuries or occupational diseases occurring on or after July 1, 1987.

Indeed, there is an absence of any language in the pre–1987 statutory scheme regarding termination of temporary disability benefits when the disabled worker has achieved maximum medical improvement and has been ordered to undergo a vocational rehabilitation evaluation. This ab-

sence fortifies the conclusion that, prior to such statutory changes, the General Assembly did not intend to terminate such benefits until such time as the worker either commenced the vocational rehabilitation program or an administrative determination was made that rehabilitation would not be necessary to render the worker fit for a remunerative occupation.

More recently, a division of this court recognized that the suspension of benefits pursuant to reasons set forth in the department of labor and employment rules does not qualify as "statutory causes" as that term was interpreted in *Allee*. *Cornerstone Partners v. Industrial Claim Appeals Office*, 830 P.2d 1148 (Colo.App. 1992). Indeed, one of the reasons set forth in the rule, *i.e.*, that the claimant has reached maximum medical improvement and is released to return to an occupation which the claimant regularly performed at the time of the injury, is precisely the basis upon which the temporary disability benefits here were suspended.

Accordingly, we disagree with the Panel's determination that the claimant's ability to return to work, in and of itself, constituted a "statutory" cause allowing the termination of temporary benefits under *Allee*. *See Kraus v. Artcraft Sign Co.*, 710 P.2d 480 (Colo.1985) (a court should not read nonexistent provisions into the Workers' Compensation Act).

### C.

■ In *Allee v. Contractors, Inc., supra*, our supreme court unequivocally rejected the principle, and expressly overruled those cases holding, that temporary disability benefits cease when an injured employee has reached maximum improvement but is undergoing an evaluation for vocational rehabilitation and is awaiting an administrative decision on the need for such a program.

This determination was based upon the recognition that a disabled worker may attain maximum medical improvement from an injury or occupation disease and still not have reached maximum industrial efficiency. It was also based upon the significance of vocational rehabilitation as a reliable factor in assessing the extent of an employee's permanent industrial disability and the proposition that an effective program of vocational rehabilitation can mitigate the effects of a medical disability by restoring the worker to a higher level of industrial capacity than would otherwise exist if vocational rehabilitation had not taken place.

Applying *Allee* to the facts of this case, therefore, leads us to conclude that the claimant was entitled to temporary disability benefits even after she reached maximum medical improvement until August 1990, when the employer voluntarily began payment of temporary disability benefits. Hence, the Panel's determination is not supported by law or the facts in this case, and it therefore must be set aside. *See* § 8–43–308, C.R.S. (1992 Cum.Supp.).

### II.

■ Claimant also contends that she is entitled to temporary disability benefits subsequent to October 18, 1986, because she was not at fault for her separation from the employer and had reasonably sought work. However, we agree with the Panel that *Monfort* and *Lunsford* are not applicable here because the claimant had already reached maximum medical improvement. Thus, as set forth in part I, *Allee* is dispositive.

Accordingly, the Panel's order is set aside, and the cause is remanded for determination of the appropriate award of temporary disability benefits for the period between October 13, 1986, and August 1990, consistent with the views expressed in this opinion.

CRISWELL and REED, JJ., concur.