SCHLAGE LOCK and CNA Insurance Company, Petitioners,

v.

Donald LAHR and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 93CA0610.

Colorado Court of Appeals, Div. IV.

Dec. 30, 1993.

Rehearing Denied Feb. 3, 1994.

White and Steele, P.C., Michael A. Perales, Denver, for petitioners.

, Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, for respondent Donald Lahr.

No appearance for respondent Indus. Claim Appeals Office.

Opinion by Judge JONES.

Petitioners, Schlage Lock and its insurer, CNA Insurance Company, seek review of a final order of the Industrial Claim Appeals Panel awarding the claimant temporary total disability benefits for the period from March 15, 1991, to June 1, 1992. We affirm.

Claimant sustained admittedly compensatory injuries to both upper extremities in 1988 while working for Schlage Lock. It is undisputed that for the period in question he had not reached maximum medical improvement and was precluded from returning to his pre-injury employment. He began work at Hensley Battery on August 10, 1990, and that job, he testified, allowed him to work within his physical restrictions. However, in March 1991, claimant was laid off from Hensley Battery, and petitioners continued to pay only temporary partial disability benefits.

In the first order of June 1992, the Administrative Law Judge (ALJ) found that the claimant was capable of performing the work assigned to him at Hensley Battery, was laid off on March 15, 1991, and had not worked since. The ALJ also found that claimant was restricted from doing any repetitive work, had not looked for work since March 15, 1991, and had not applied for unemployment benefits. Accordingly, the ALJ concluded that the resulting wage loss was due to the non-injury related layoff and was therefore not compensable.

However, after the claimant filed a petition for review of that order and a motion requesting that the ALJ issue a supplemental order awarding temporary total disability benefits, the ALJ issued a supplemental order. In that order, dated November 16, 1992, the ALJ reiterated that the claimant had not reached maximum medical improvement, that he was capable of performing his duties at Hensley Battery, and that his termination was due to economic reasons and not his work-related injury. However, relying on *Lunsford v. Sawatsky,* 780 P.2d 76 (Colo.App.1989), the ALJ also determined that the prior order denying benefits was erroneous as a matter of law. Accordingly, the ALJ set aside the June 1992 order and awarded claimant temporary total benefits for the period in question. Petitioners then sought review, and the Panel affirmed the ALJ's supplemental order.

## I.

■ Petitioners contend that the ALJ erred in entering the supplemental order because the issue whether claimant's wage loss after the layoff was due to reasons other than the work-related injury was a question of fact that was properly resolved against the claimant in the first order. They argue that, although the supplemental order indicates that the layoff was due to economic reasons, no evidence was presented to support such finding and, therefore, claimant failed to meet his burden to prove entitlement to benefits. We are not persuaded.

Initially, we note that, although testimony regarding the reason for the layoff was rejected on hearsay grounds, nevertheless, in arguing against an award of temporary total disability, counsel for petitioners asserted their position that the layoff was due to economic reasons and not because of the claimant's inability to do the work. Accordingly, petitioners are bound by that admission, which supports the ALJ's finding that the layoff was due to economic reasons. *See Kempter v. Hurd,* 713 P.2d 1274 (Colo.1986); *see also In re Marriage of Seewald,* 725 P.2d 1171 (Colo.App.1986).

## II.

■ Petitioners also contend that claimant should not be entitled to temporary total disability benefits after his termination from Hensley Battery because he did not reasonably seek new employment after the layoff. They argue that, under *Lunsford v. Sawatsky, supra,* an injured employee who loses his job because of economic factors and is not at fault for the layoff is entitled to temporary disability benefits only if he has reasonably sought new employment. We disagree.

In *Lunsford v. Sawatsky, supra,* 780 P.2d at 78, a division of this court held that: "[I]f, as here, an injured employee loses his job because of economic factors, is not at fault for the layoff, and has reasonably sought new employment, the employee is entitled to temporary disability benefits." That holding was reiterated by another division in *City of Aurora v. Dortch,* 799 P.2d 461 (Colo.App.1990).

However, on analysis, we conclude that there is no necessity for the apparent judicial mandate in *Lunsford* and *Dortch* directing a temporarily disabled employee to seek new employment. Instead, we agree with the

Panel here that the language in *Lunsford* ostensibly requiring a claimant to have reasonably sought new employment constitutes dictum unnecessary to the holding in that case.

In *Lunsford,* this court agreed with the Panel's analysis that:

Loss of employment, because of economic circumstances is not the 'fault' of the employee, and does not serve to sever the causal connection between the injury and any subsequent wage loss.

*Lunsford v. Sawatsky, supra,* 780 P.2d at 78 (quoting the Panel's order).

Similarly, although the quoted phrase was reiterated in *Dortch,* the sole issue there was whether the claimant's wage loss was voluntary or due solely to the fact that seasonal employment would have expired. Thus, the fact that the claimant in *Dortch,* like the claimant in *Lunsford,* had sought new employment also was not necessary to the holding in that case.

 The Workers' Compensation Act is organic and is self-operational without the need for supplementation. *Bradley v. Industrial Claim Appeals Office,* 841 P.2d 1071 (Colo.App.1992). It does not create an affirmative duty on the part of a temporarily disabled claimant to seek out work within his or her restrictions. Thus, a claimant's ability to perform post-injury employment or willingness to seek employment does not necessarily reflect the degree of physical impairment resulting from the change in physical condition. *Denny's Restaurant, Inc. v. Husson,* 746 P.2d 63 (Colo.App.1987).

Nor does a claimant's hypothetical ability to perform some employment within his or her temporary medical restrictions sever the causal connection between the injury and the temporary wage loss. *See Eastman Kodak Co. v. Industrial Commission,* 725 P.2d 107 (Colo.App.1986). The rationale for this rule is that the temporary physical impairment resulting from the injury impairs the claimant's opportunities for employment on the open labor market. *City of Aurora v. Dortch, supra; see also Hobbs v. Industrial Claim Appeals Office,* 804 P.2d 210 (Colo. App.1990). Accordingly, we agree with the

Panel that the ALJ's interpretation of *Lunsford v. Sawatsky, supra,* was correct.

Here, although he was capable of performing the work assigned to him, it is undisputed that claimant was not at fault for his termination from his employment at Hensley Battery during the period of temporary disability. Thus, a causal link between the industrial injury and the subsequent wage loss was established, and temporary total disability benefits were properly resumed.

The order is affirmed.

STERNBERG, C.J., and RULAND, J., concur.