ADDINGTON RESOURCES,
INC., Appellant,

v.

Roger PERKINS; Hon. Robert E. Spurlin, Acting Director of Special Fund; Hon. Roger D. Riggs, Administrative Law Judge; and Kentucky Workers' Compensation Board, Appellees.

No. 96–CA–002886–WC.

Court of Appeals of Kentucky.

June 20, 1997.

William P. Emrick, McKenzie, Woolery, Emrick & Webb, P.S.C., Ashland, for appellant.

David W. Barr, Labor Cabinet, Louisville, for appellee, Special Fund.

David Mussetter, Ashland, for appellee Perkins.

Before KNOPF, JOHNSON and MILLER, JJ.

## OPINION

JOHNSON, Judge.

Addington Resources, Inc. (Addington) petitions for review of the decision of the Kentucky Workers' Compensation Board (Board), rendered on September 20, 1996, that affirmed the Administrative Law Judge's (ALJ) opinion. We affirm.

The claimant, Roger Perkins (Perkins), was injured while working for Addington in 1990. The parties reached a settlement in 1992 under which Addington and the Special Fund agreed to be responsible for paying fifty percent (50%) of a workers' compensation award based on a forty percent (40%) permanent partial disability.

On April 4, 1995, Addington filed a motion to re-open pursuant to *Westvaco Corporation v. Fondaw*, Ky., 698 S.W.2d 837 (1985), and *Phillip Morris, Inc. v. Poynter*, Ky.App., 786

S.W.2d 124 (1990), to contest the payment of medical bills that it alleged arose out of a non-work-related injury that occurred in 1995. The ALJ ruled against Addington and found that the contested medical expenses arising out of the 1995 incident were compensable pursuant to KRS 342.020 since the medicals were "reasonable and necessary treatment related to his original work related injury." Addington appealed the ALJ's ruling to the Board which affirmed. This petition for review followed.

We agree with the Board that the issue before the ALJ was "whether the underlying medical problem resulting from the surgery was a natural and ultimate consequence of his original injury in 1990 and, therefore, an effect of that injury for which Addington would be responsible[.]" The Board correctly limited its review of the ALJ's decision to determining whether the decision was supported by substantial evidence. Our further review "is to correct the Board only where the ... Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685, 687–688 (1992).

This case began when Perkins was injured while working for Addington on July 3, 1990. Perkins suffered a herniated disk and underwent surgery by neurosurgeon, Dr. James Scott Powell, which consisted of a diskectomy with fusion of vertebra at the C5–C6 level. Perkins experienced a normal recuperation period and for several years he did not suffer any additional trauma to his neck or back. However, in 1995, while not in the course of his employment, Perkins re-injured his back when he unhooked a chain while attempting to open a gate. This injury occurred at the C6–C7 level of the vertebra.

Dr. Powell, who also treated Perkins following this 1995 incident, testified in 1992 and 1995. The ALJ summarized Dr. Powell's testimony as follows:

He stated it was his opinion that were it not for the original injury at C5–6 and the subsequent surgery that resulted therefrom Mr. Perkins would not have had the significant degenerative changes at C6–7 causing the current compression that is the result of his current symptoms. He said that the ataxic gait actually preceded his incidence with the barn gate which indicated to Dr. Powell that he was having some cord compression prior to the aggravation of his arm pain.

Dr. Powell subsequently stated that following the cervical fusion the stress points were changed in the spine on a mobile disc to a fused series of vertebral bodies and the stress points were then transmitted to the surrounding discs. He said therefore his present herniated disc is related to his original work injury.

. . .

Dr. James Powell was the treating physician for Mr. Perkins following the original work related injury. Dr. Powell, at that time, anticipated the very injury that has now occurred to Mr. Perkins. He testified in 1992 that he would anticipate the additional stress at other levels of his cervical spine and specifically indicated that there would be increased stress at the C6–7 level as a result of the surgery leaving him with the potential of future injury and medical treatment.

The testimony of Dr. Powell was contradicted by the testimony of Dr. Daniel D. Primm, a medical expert hired by Addington. The ALJ summarized Dr. Primm's testimony as follows:

It was Dr. Primm's opinion that based upon Mr. Perkins['] history, examination and a review of his MRI scan it appeared that he had a new disc rupture at C6–7. Dr. Primm felt that it was related to the degenerative disc disease of his cervical spine. He stated that he would not relate this to his original injury since this was at a different level.

The ALJ, in finding that the medical expenses were compensable, specifically noted that he found Dr. Powell's testimony to be very credible. "[W]here medical testimony is concerned and that testimony is conflicting, ... the question of who to believe is one exclusively for the [ALJ]." *Pruitt v. Bugg Brothers*, Ky., 547 S.W.2d 123, 124 (1977),

*citing Yocom v. Gentry,* Ky., 535 S.W.2d 850 (1976).

 Since the fact-finder found in favor of Perkins who had the burden of proof, the standard of review on appeal is whether there was substantial evidence to support such a finding. *Wolf Creek Collieries v. Crum,* Ky.App., 673 S.W.2d 735, 736 (1984). It was within the ALJ's purview to assess the conflicting testimony of the two medical experts and to accept the opinion of Dr. Powell that the contested medical expenses were related to the 1990 work-related injury. When there is conflicting evidence regarding questions of fact, the ALJ's determination cannot be disturbed. *Jackson v. General Refractories Co.,* Ky., 581 S.W.2d 10, 11 (1979).

 The ALJ clearly articulated that his findings were based upon his acceptance of Dr. Powell's testimony; and our review of Dr. Powell's testimony reveals that it constitutes substantial evidence sufficient to support the ALJ's decision. Where there is evidence of substantial quality to support the ALJ's decision, the reviewing tribunal is bound by the record. *Paramount Foods, Inc. v. Burkhardt,* Ky., 695 S.W.2d 418, 419 (1985).

 Having concluded that the ALJ's findings were supported by substantial evidence, we will now consider Addington's argument that as a matter of law it is not responsible for the medical expenses arising out of the 1995 incident. This argument must be rejected based upon the plain wording of Kentucky Revised Statutes (KRS) 342.020. *Young v. Terwort,* Ky., 459 S.W.2d 136 (1970). KRS 342.020(1) states in pertinent part as follows: "[T]he employer shall pay for the cure and relief from the effects of an injury ... as may reasonably be required at the time of the injury and thereafter during disability[.]" Based upon the findings of fact by the ALJ, the medical expenses at issue herein clearly come within the coverage of the statute.

The applicable rule has been referred to as the direct and natural consequence rule and is explained in Larson, *Workmen's Compensation Law* § 13.11 (1996), as follows: "The basic rule is that a subsequent injury, whether an aggravation of the original injury or a new and distinct injury, is compensable if it is the direct and natural result of a compensable primary injury." *See also Dutton v. Industrial Commission of Arizona,* 140 Ariz. 448, 682 P.2d 453 (Ct.App.1984); and *Beech Creek Coal Co. v. Cox,* Ky., 314 Ky. 743, 237 S.W.2d 56 (1951). Thus, even though the subsequent injury was to a different part of the back and followed a non-work-related incident, the medical expenses arising therefrom are compensable since the work-related injury caused the part of the back that was subsequently injured to be more susceptible to injury. Accordingly, the Board's decision is affirmed.

All concur.