Stephanie LAWSON, Appellant,

v.

TOYOTA MOTOR MANUFACTURING, KENTUCKY, INC.; Honorable John W. Thacker, Administrative Law Judge; Honorable Joseph W. Justice, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2009–SC–000767–WC.

Supreme Court of Kentucky.

Dec. 16, 2010.

Charles William Gorham, Lexington, KY, Counsel for Appellant, Stephanie Lawson.

H. Douglas Jones, Kenneth J. Dietz, Jones Dietz, PLLC, Florence, KY, Counsel for Appellee, Toyota Motor Manufacturing, Kentucky, Inc.

Peter J. Naake, Louisville, KY, Counsel for Amicus Curiae, Kentucky Chapter of American Federation of Labor and Congress of Industrial Organizations (AFL–CIO).

Bradley Dale Hamblin, Jr., Department of Workers' Claims Office of General Counsel, Frankfort, KY, Counsel for Amicus Curiae, Department of Workers' Claims.

## OPINION OF THE COURT

This appeal concerns a motion in which the claimant requested post-award temporary total disability (TTD) benefits prospectively, for the recovery period following a surgery that had been pre-authorized.

An Administrative Law Judge (ALJ) denied the motion based on a finding that the surgery was non-compensable because it was unreasonable and unnecessary. The Workers' Compensation Board (Board) reversed and remanded with respect to the TTD request, reasoning that the employer failed to file a medical dispute and motion to reopen within 30 days after the surgery was pre-authorized in order to contest its reasonableness and necessity. This appeal by the claimant results from a decision by the Court of Appeals to reverse and remand to the Board to determine whether substantial evidence supported the finding that the surgery was non-compensable.

We reverse. The ALJ erred by denying the claimant's TTD request based on a

finding concerning the reasonableness and necessity of the surgery. The Benefit Review Conference (BRC) Memorandum encompassed the claimant's argument, raised in her brief and preserved on appeal, that the employer's failure to file a timely medical dispute and motion to reopen contesting the utilization review decision rendered the proposed surgery compensable without regard to reasonableness and necessity. Having failed to invoke the ALJ's jurisdiction by filing a timely medical dispute and motion to reopen, the employer could not engraft such a dispute onto the claimant's pending TTD motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

The claimant alleged that she sustained bilateral work-related knee injuries in 2001. She underwent multiple arthroscopic surgeries and did not return to work thereafter. The parties settled the claim for permanent income benefits in July 2005 without a formal application for benefits having been filed. Their agreement provided triple benefits for an 8% permanent partial disability based on impairment ratings assigned by Dr. Siegel, who performed independent medical evaluations (IMEs) for the employer in May 2004 (4% right knee) and May 2005 (4% left knee).

Dr. Siegel became the claimant's treating physician. In August 2007 he requested authorization for surgery to stabilize the claimant's right kneecap. The employer's insurance carrier referred the request to GENEX Services, Inc., for utilization review. GENEX pre-authorized the request on August 27, 2007.

Having received pre-authorization, the claimant filed a motion to reopen on September 13, 2007, in order to seek TTD during her recovery from the upcoming surgery as well as greater permanent income benefits thereafter. On the same day a GENEX representative informed Dr. Siegel that the employer had decided to seek an independent medical evaluation. Thus, the surgery was canceled.

After evaluating the claimant for the employer on September 20, 2007, Dr. Schiller reported that her right knee problem was work-related. He could not, however, "imagine how another repair would be of any value" and thought that it would provide no more than temporary relief. He acknowledged that the recommended surgery "is [Dr. Siegel's] area of expertise" but concluded that the procedure had "a low likelihood of success" and recommended that it not be performed.

The employer filed a response to the claimant's motion on October 9, 2007 denying the claim, after which the motion was granted to the extent that the matter was assigned to an ALJ for further adjudication. The employer submitted Dr. Schiller's report. The parties then submitted additional evidence concerning the proposed surgery.

The claimant stated that she underwent multiple knee surgeries, some of which worsened her problems and none of which helped.[1] The employer's insurance carrier referred her to Dr. Siegel eventually to be evaluated. She stated that she chose him to be her treating physician because he informed her of additional surgeries that could be performed to strengthen her right knee and correct some of the problems created by the earlier surgeries. Moreover, she trusted him.

The claimant testified that Dr. Siegel performed surgery to reconstruct the mus-

---

1. The claimant testified that Dr. Corbett performed surgery in 1997 for a previous work-related knee injury. Drs. Johnson, Hester, and Caborn performed four right knee surgeries for the injury presently at issue.

cles supporting her right knee in July 2004 as well as a later surgery to tighten the muscles. The surgeries helped improve the knee's stability and enabled it to bear weight. Dr. Siegel performed surgery on her left knee in September 2005, which also helped. She stated that her left knee was fine presently and explained that the purpose of the proposed surgery was to address constant right knee pain that began in 2007. She testified at the hearing that Dr. Schiller "spent less than five minutes" examining her knee; whereas, Dr. Siegel spent anywhere from 15 to 30 minutes per visit. She stated that she wished to follow Dr. Siegel's recommendation.

Dr. Siegel, a board-certified orthopedic surgeon and specialist in knee reconstruction, testified that the claimant returned to his office in August 2007 complaining of persistent right knee pain and difficulty walking or standing for more than 10 to 15 minutes. He recommended surgery to restore the stability of the knee and to excise an inflamed bursa at the site of one of surgeries performed before she became his patient. He stated that the procedure he recommended was generally accepted within the medical community for treating her particular condition. Finally, he characterized the proposed surgery as being "a relatively straightforward, relatively simple operation that has a high rate of improving her discomfort and pain" and as coming within his area of expertise.

The memorandum of the March 2008 Benefit Review Conference (BRC) listed the contested issues as being "med. fee dispute/compensability of surgery and TTD."

The claimant's brief to the ALJ argued that the ALJ erred by refusing to award TTD. She reasoned that her employer had the burden to challenge or pay for the proposed surgery and should be estopped from contesting the surgery because it ignored the pre-authorization and failed to file a timely medical dispute and motion to reopen.[2] She also argued that KRS 342.020(1) holds employers responsible for treatment that provides even temporary relief;[3] that Dr. Schiller's testimony represented nothing more than a difference of medical opinion; and that his testimony failed to show that the surgery Dr. Siegel recommended would be unproductive or outside the type of treatment the medical community generally accepted as being reasonable.[4]

The employer's brief argued that there could be no reasonable expectation a seventh surgical procedure would have a favorable result when the prior surgeries failed to do so. It failed to address the claimant's argument that its failure to file a timely medical dispute and motion to reopen estopped it from contesting the surgery. The final argument was abandoned on appeal.

Relying on Dr. Schiller's opinions and noting that some of the previous surgeries made the claimant's knee worse, the ALJ concluded that the recommended surgery was non-compensable as it constituted neither reasonable nor necessary treatment for her work-related right knee injury. Having done so, the ALJ denied the motion.

The claimant's petition for reconsideration reiterated her previous arguments and was denied. Appealing to the Board,

**2.** *Westvaco Corporation v. Fondaw*, 698 S.W.2d 837 (Ky.1985).

**3.** *National Pizza Co. v. Curry*, 802 S.W.2d 949 (Ky.App.1991).

**4.** *Square D Co. v. Tipton*, 862 S.W.2d 308 (Ky.1993).

she again reiterated the arguments raised in her brief to the ALJ. The employer responded by arguing that substantial evidence supported the finding that the surgery was not compensable, which rendered the TTD issue moot. The employer also argued inaccurately that the claimant failed until after the ALJ's opinion and award to argue that it should be estopped from contesting the surgery because it failed to file a timely medical dispute and motion to reopen after receiving the utilization review decision.

The Board reversed, reasoning that an injured worker has the burden in a post-settlement medical dispute to prove work-related causation, but the employer has the burden to institute the formal medical dispute and prove that the treatment at issue is unreasonable and/or unnecessary.[5] Relying on the definition of pre-authorization found in 803 KAR 25:190, § 1(5), the Board equated a utilization review decision that pre-authorizes medical treatment with a medical bill and concluded that KRS 342.020(1) requires an employer to contest such a decision within 30 days of receipt or pay the resulting bill.[6] The Board relied on *Bartee v. University Medical Center*[7] as a basis to determine that the claimant's motion seeking TTD relative to the proposed surgery did not, by itself, place issues concerning the reasonableness and/or necessity of the procedure before the ALJ. Thus, the employer's failure to file a medical dispute and motion to reopen within 30 days in order to contest the pre-authorization decision resulted in a waiver of its right to do so.[8]

The Court of Appeals reversed. The court distinguished *Bartee*, noting that the parties tried the reasonableness and necessity of the proposed surgery by consent as indicated by the issues listed on BRC memorandum. Relying on language in the claimant's brief to the ALJ, the court held "for reasons of equity ... that the medical dispute herein is the product of a prospective motion by Lawson to compel Toyota to authorize medical treatment." The court determined also that neither KRS 342.020 nor the regulations require an employer to file a medical dispute and motion to reopen based on a utilization review decision and remanded the claim to the Board to determine whether substantial evidence supported the decision to deny the proposed surgery.

Appealing, the claimant asserts that the employer's failure to file a timely medical dispute and motion to reopen barred the ALJ from considering the reasonableness and/or necessity of the proposed surgery; that the Court of Appeals erred by failing to defer to the Board's longstanding interpretation of the regulations concerning medical disputes; and that the evidence did not support the decision to deny the surgery.

The employer asserts that neither KRS 342.020 nor the applicable regulations require an employer to file a motion to reopen a claim in order to contest a proposed treatment within 30 days of utilization review and points out that the courts owe no deference to the Board's prior rulings on the matter. The employer argues in the alternative that the claimant waived the argument "by filing her own motion to

5. *Mitee Enterprises v. Yates*, 865 S.W.2d 654 (Ky.1993); *Addington Resources, Inc. v. Perkins*, 947 S.W.2d 421 (Ky.App.1997).

6. *Garrett Mining 2 v. Rondal Miller*, Claim No. 97–78726, entered by the Board on August 29, 2001.

7. 244 S.W.3d 91 (Ky.2008).

8. *Phillip Morris, Inc. v. Poynter*, 786 S.W.2d 124 (Ky.App.1990).

seek the medical treatment;" by failing to list the argument as an issue at the BRC; and by trying reasonableness and necessity before the ALJ without objection.

## II. CONCLUSIONS.

We determined today in *Kentucky Associated General Contractors Self–Insurance Fund v. Lowther*[9] that an employer wishing to contest liability for a proposed medical procedure must file a medical dispute and motion to reopen within 30 days of a final utilization review decision that recommends refusing pre-authorization. The rationale of *KAGC v. Lowther* applies with even greater force to a utilization review recommendation to grant pre-authorization. We conclude that in either instance an employer, having failed to invoke an ALJ's jurisdiction by filing a timely medical dispute and motion to reopen, may not circumvent KRS 342.020 and the regulations by engrafting such a dispute onto a worker's pending motion for TTD.

Contrary to the employer's assertion, the claimant's motion to reopen did not request "additional medical benefits."[10] It requested TTD during her recovery from a pre-authorized surgery, a request that did not place the issue of reasonableness and necessity before the ALJ. A BRC memorandum listing the contested issues as being "med. fee dispute/compensability of surgery and TTD" is sufficiently broad to encompass a number of arguments, including one raised in the claimant's brief to the ALJ and to which the employer failed to object or respond. The argument being that the employer's failure to file a timely medical dispute and motion to reopen to contest the favorable utilization review decision rendered the proposed surgery and related TTD compensable without regard to reasonableness and necessity. Mindful that the claimant reiterated the argument in her petition for reconsideration and preserved it on appeal, we conclude that the ALJ erred by dismissing the TTD request based on a finding that the surgery was not compensable.

The decision of the Court of Appeals is reversed and the decision of the Board is reinstated.

All sitting. All concur.

---

9.  330 S.W.3d 456 (Ky.2010).

10.  The employer cites not to the claimant's motion seeking TTD but to a portion of the brief that she submitted to the ALJ after the hearing.