We determined today in *Kentucky Associated General Contractors Self–Insurance Fund v. Lowther*[9] that an employer wishing to contest liability for a proposed medical procedure must file a medical dispute and motion to reopen within 30 days of a final utilization review decision that recommends refusing pre-authorization. The rationale of *KAGC v. Lowther* applies with even greater force to a utilization review recommendation to grant pre-authorization. We conclude that in either instance an employer, having failed to invoke an ALJ's jurisdiction by filing a timely medical dispute and motion to reopen, may not circumvent KRS 342.020 and the regulations by engrafting such a dispute onto a worker's pending motion for TTD.

KENTUCKY ASSOCIATED GENERAL CONTRACTORS SELF–INSURANCE FUND, Appellant,

v.

Sheila LOWTHER, Administrative Law Judge; Dwight T. Lovan, Commissioner, Department of Workers' Claims (Previously, Philip A. Harmon, Acting Executive Director); and Department of Workers' Claims, Appellees.

No. 2010–SC–000114–DG.

Supreme Court of Kentucky.

Dec. 16, 2010.

Reconsider Denied March 1, 2011.

---

Douglas Anthony U'Sellis, Richard Edwin Neal, U'Sellis & Kitchen, PSC, Louisville, KY, Counsel for Appellant, Kentucky Associated General Contractors Self-Insurance Fund.

Bradley Dale Hamblin, Jr., Sheila Carroll Lowther, Dwight Taylor Lovan, Department of Workers' Claims, Frankfort, KY, Counsel for Appellees, Sheila Lowther, Administrative Law Judge; Dwight T. Lovan, Commissioner, Department of Workers' Claims (Previously, Philip A. Harmon, Acting Executive Director); and Department of Workers' Claims.

### OPINION OF THE COURT.

A divided Court of Appeals affirmed the Franklin Circuit Court, which affirmed an Administrative Law Judge's decision to uphold a $10,000.00 fine imposed on the employer's insurance carrier, Kentucky Associated General Contractors Self-Insurance Fund (KAGC), and the carrier's third-party administrator, Ladegast and Heffner Claims Service, Inc. (Ladegast). The fine was based on two unfair claims settlement practices, the employer's failure to meet the time constraints for paying claims and its failure to pay a claim in which liability was clear.[1]

The issue central to the appeal is whether the injured worker or the employer bears the burden of filing a medical dispute and moving to reopen a workers' compensation award when pre-authorization for medical treatment is denied upon utilization review. The Court of Appeals

---

1. KRS 342.267; 803 KAR 25:240, §§ 5(4) and 6(1).

majority held that the employer bears the burden. We agree.

This dispute results from a work-related low back injury sustained on May 3, 2004 by Mr. Marshall Wallace, an employee of Back Construction Company. KAGC insured Back Construction Company's workers' compensation liability. Wallace and his employer entered an agreement to settle his claim. The agreement entitled him to the continued payment of medical expenses as a result of the injury through April 12, 2008.

In 2006 Wallace's treating physician requested pre-authorization from Ladegast to perform a series of injections. Ladegast submitted the request for utilization review as required by 803 KAR 25:190, § 5(1)(a). The reviewer recommended that the request be denied, after which Ladegast issued a notice of denial. Wallace appealed and a second reviewer also concluded that the recommended injections were not reasonable and necessary treatment of the injury. Ladegast then issued Wallace and his treating physician a written final decision denying pre-authorization.

The employer failed to file a medical dispute or motion to reopen Wallace's claim in order to contest the compensability of the proposed treatment. Wallace likewise failed to do so in order to obtain an order compelling the employer to pre-authorize the treatment. Instead, he or his treating physician contacted the Office of Workers' Claims (OWC) to complain. KAGC and Ladegast received an opportunity to respond to the allegation that they had committed unfair claims settlement practices, which they did.

The OWC's Executive Director determined after a hearing that KAGC and Ladegast committed unfair claims settlement practices by failing "to meet the time constraints for rectifying and paying workers' compensation claims established in KRS 342 and applicable administrative regulations"[2] and by failing to "attempt in good faith to promptly pay a claim in which liability is clear."[3] The Executive Director based the decision on the Workers' Compensation Board's longstanding interpretation of the applicable regulations as equating a final utilization review decision to grant or deny pre-authorization with a "statement for services" that an employer must contest within 30 days or pay.

The Franklin Circuit Court affirmed, having determined that an insurance carrier and/or its third-party administrator must file a medical dispute and motion to reopen when a final utilization review decision fails to support the assurance of payment for the treatment or services for which pre-authorization was sought. A Court of Appeals majority agreed and affirmed.

KAGC and Ladegast continue to assert that the Executive Director erred by imposing a fine. They argue that neither KRS 342.020 nor any regulation states that a carrier must file a medical dispute or motion to reopen based on receipt of a final utilization review decision concerning a pre-authorization request. They also argue that the regulations define a "statement for services" as being a bill for services rendered, which differs from a final decision concerning a request to pre-authorize a proposed treatment. They conclude that they satisfied all of their obligations under KRS 342.020 and the applicable regulations when their

---

2.  803 KAR 25:240, § 5(4).

3.  803 KAR 25:240, § 6(1).

agent issued the written final utilization review decision. We disagree.

## I. KRS 342.020 AND THE APPLICABLE REGULATIONS.

KRS 342.020(1) entitles an injured worker to reasonable and necessary medical treatment for a work-related injury and requires a medical provider to submit a "statement for services" within 45 days after initiating treatment as well as every 45 days thereafter. The statute requires the worker's employer to pay the provider directly within 30 days of receiving a "statement for services" but directs the commissioner (formerly the executive director) to establish conditions for tolling the 30–day period. Finally, it authorizes the commissioner to adopt administrative regulations establishing the form and content of a statement for services as well as procedures for resolving disputes over the "necessity, effectiveness, frequency, and cost" of medical services.

Although KRS 342.010(1) gives an injured worker great latitude in selecting a treating physician and course of treatment, the worker's freedom is not unfettered. KRS 342.020(3) and (4) permit employers to provide medical services through managed care systems, subject to specified requirements among which are an informal method of resolving disputes concerning the rendition of services[4] and a provision for obtaining a second opinion at the employer's expense.[5] Another requirement is a provision for utilization review to assure among other things that the course of treatment is reasonably necessary, appro-priate, and cost-effective.[6] KRS 342.020(7) (formerly KRS 342.020(3)) states clearly that employers are not required to pay for medical treatment that fails to provide "reasonable benefit" to the worker.[7]

The courts have construed KRS 342.020(1) as placing on an injured worker's employer the burden to contest a post-award medical bill within 30 days or to pay it.[8] At issue presently is whether a final utilization review decision refusing to pre-authorize medical treatment is equivalent to a "statement for services" to which the 30–day requirement pertains.

803 KAR 25:096, § 8(1) requires a "medical payment obligor" to "tender payment" or file a medical dispute and motion to reopen within 30 days of receiving "a completed statement for services." 803 KAR 25:096, § 1(5) defines a "statement for services" as follows:

(a) For a non-pharmaceutical bill, a completed Form HCFA 1500, or for a hospital, a completed Form UB–92, with an attached copy of legible treatment notes, hospital admission and discharge summary, or other supporting documentation for the billed medical treatment, procedure, or hospitalization; and

(b) For a pharmaceutical bill, a bill containing the identity of the prescribed medication, the number of units prescribed, the date of the prescription, and the name of the prescribing physician.

■ Pre-authorization is a process by which a carrier assures a provider that it will pay the bill for a proposed medical service or course of treatment.[9] The reg-

---

4. KRS 342.020(4)(c).

5. KRS 342.020(4)(d).

6. KRS 342.020(4)(f).

7. *See Square D Co. v. Tipton,* 862 S.W.2d 308 (Ky.1993).

8. *Westvaco Corporation v. Fondaw,* 698 S.W.2d 837 (Ky.1985).

9. 803 KAR 25:190, § 1(5).

ulations require a provider's pre-authorization request to be submitted to another medical expert for utilization review,[10] *i.e.,* "a review of the medical necessity and appropriateness of medical care and services for purposes of recommending payments for a compensable injury or disease." [11] Whether conducted before or after the treatment is provided,[12] the purpose of utilization review is to provide the parties with an independent medical opinion concerning the compensability of medical treatment in order to help them resolve disputes without resorting to litigation.[13] Initiation of the process tolls the 30–day period for challenging or paying medical expenses until the date of the final utilization review decision.[14]

KRS 342.325 vests ALJs with jurisdiction over all questions arising under Chapter 342, including medical disputes. 803 KAR 25:012 sets forth the procedure for resolving such disputes. It provides that an "employee, employer, carrier or medical provider" [15] may file a Form 112 to contest the reasonableness and necessity of "a medical expense, treatment, procedure, statement, or service which has been rendered or will be rendered." [16] In cases involving a post-award medical dispute, the regulation requires a motion to reopen and medical dispute to be filed within 30 days of receipt of "a complete statement for services" unless utilization review has been initiated.[17] If a contested expense is subject to utilization review, such as in the case of a pre-authorization request, the regulation prohibits a medical dispute from being filed before the process is exhausted [18] but gives the "[t]he employer or its medical payment obligor" 30 days after the final utilization review decision in which to file a medical dispute.[19]

## II. CONCLUSIONS.

Neither KRS 342.020 nor the regulations states explicitly that an employer must file a medical dispute and motion to reopen within 30 days of receiving a final utilization review decision denying pre-authorization or pay for the medical treatment to which it pertains. We note, however, that the Board has interpreted the regulations since 2001 as equating a final utilization review decision to grant or deny pre-authorization with a "statement for services" that an employer must contest within 30 days or pay.[20] We find no error in the Board's interpretation, having concluded that it is consistent with the authorizing statute as well as the regulatory language and being mindful of the principle that the courts give great deference to an administrative agency's reasonable interpretation of its own regulations.[21]

KRS 342.020(1) authorizes the OWC to establish procedures for resolving disputes over the "necessity, effectiveness, frequen-

**10.** 803 KAR 25:190, § 5(1)(a).

**11.** 803 KAR 25:190, § 1(6).

**12.** *See* 803 KAR 25:190, §§ 5(2)(a) and (b).

**13.** *See E–Town Quarry v. Goodman,* 12 S.W.3d 708 (Ky.App.2000).

**14.** 803 KAR 25:190, § 5(4).

**15.** 803 KAR 25:012, § 1(2).

**16.** 803 KAR 25:012, § 1(1).

**17.** 803 KAR 25:012, § 1(6)(a).

**18.** 803 KAR 25:012, § 1(8).

**19.** *Id.*

**20.** *See Garrett Mining # 2 v. Ronald Miller,* Claim No. 97–78726, entered by the Workers' Compensation Board on August 29, 2001.

**21.** *J.B. Blanton v. Lowe,* 415 S.W.2d 376 (Ky. 1967); *Hughes v. Kentucky Horse Racing Authority,* 179 S.W.3d 865 (Ky.App.2004).

cy, and cost" of medical services. Pre-authorization and utilization review are two of the procedures the OWC adopted to accomplish that purpose. The term "statement for services" and the regulatory definition of the term may be construed as referring to a bill for services rendered previously, but that is not the only reasonable interpretation. We agree with the Board that the term also encompasses a final decision to grant or deny pre-authorization. We reach that conclusion because the very purpose of conducting utilization review of a pre-authorization request is to help the employer decide whether to agree or refuse to agree to pay the bill for services rendered in providing the proposed medical treatment.[22]

We find further support in 803 KAR 25:012, § 1(8) for our conclusion that the employer has the burden to initiate a formal medical dispute following a final utilization review decision denying pre-authorization. 803 KAR 25:012, § 1(8) is explicit in giving "[t]he employer or its payment obligor" 30 days after a final utilization review decision in which to file a medical dispute. The provision does not mention the injured worker or limit itself to retrospective utilization review. Although 803 KAR 25:012, § 1(2) permits an injured worker to file a medical dispute in order to obtain a decision on the compensability of a proposed medical treatment when a recalcitrant employer fails to do so, that fact does not absolve the employer of its burden to initiate the formal dispute.

We find no error in the decision to impose a fine for unfair claims settlement practices in the present circumstances. This is not a case in which the employer, its carrier, or its third-party administrator had no notice of the Board's position with respect to their obligations following a decision to deny pre-authorization. The Board determined in 2001 that KRS 342.020 and the regulations require an employer to file a medical dispute and motion to reopen within 30 days of receiving a final utilization review decision denying pre-authorization or to pay for the proposed procedure. The appellants' failure to comply with the statute and regulations supports the finding that they committed unfair claims settlement practices as well as the resulting fine.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.