RENDERED:  AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001801-WC

BILLY SEXTON                                                    APPELLANT

v.            PETITION FOR REVIEW OF A DECISION
             OF THE WORKERS' COMPENSATION BOARD
                    ACTION NO. WC-08-80623

WELDON DEWEESE TREE SERVICE;
HON. STEPHANIE L. KINNEY, ADMINISTRATIVE
LAW JUDGE; AND KENTUCKY WORKERS'
COMPENSATION BOARD                                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND LAMBERT, JUDGES.

ACREE, JUDGE:  Billy Sexton appeals the Workers' Compensation Board's

November 8, 2019 opinion affirming the Administrative Law Judge's (ALJ) order

finding he is not permanently totally disabled.  Finding no error, we affirm.

## BACKGROUND

Sexton is 58 years old and has a ninth-grade education. Throughout his adult working career, he only performed tree trimming and removal work. On July 28, 2008, while working at Weldon Deweese Tree Service cutting trees, Sexton fell from a bucket truck, injuring his back, neck, and shoulder. His workers' compensation claim was settled and approved on September 24, 2009, based upon a 25% impairment rating for his cervical injury. However, over the next few years, his pain increased. This prompted Sexton to file a motion to reopen on October 21, 2011.[1] He alleged increased impairment and worsening of his condition, rendering him permanently totally disabled.

Sexton stated his lumbar spine pain worsened following the settlement, which required him to undergo three lumbar surgeries performed by Dr. David Rouben.[2] He now complains of: (1) pain on the right side of his neck; (2) inability to turn his head to the right; (3) inability to look up without shooting pain down his right arm; (4) numbness and tingling in his hands and right arm; (5) headaches; (6) stiffness and soreness in his back; (7) problems sleeping; and (8) inability to stand or walk for more than 20 minutes. Despite these issues, Sexton

---

[1] His case was held in abeyance while he underwent additional surgeries.

[2] Dr. Rouben performed a cervical fusion at C5-6 on December 8, 2008; a revision surgery for a failed fusion on September 25, 2012; and a lumbar fusion on August 3, 2017.

refused to rely on narcotics for pain management; instead, he elected to manage his pain with over-the-counter medications.

Several doctors performed independent medical evaluations on Sexton.[3] Although there was some variation in numbers, the doctors agreed Sexton had an increased impairment rating. The doctors also varied on their opinions as to whether Sexton could return to work. Eventually, the parties agreed Sexton now had a 38% impairment rating and did not retain the physical capacity to perform his pre-injury job. The ALJ agreed, but failed to find Sexton permanently totally disabled because he could obtain employment with a renovation company as a van/truck driver; he is able to perform many aspects of his job with restrictions; and he has the capacity to perform less strenuous work.

Sexton appealed to the Workers' Compensation Board arguing the ALJ erred by not concluding he was permanently totally disabled. The Board affirmed the ALJ. This appeal followed.

---

[3] The ALJ made a thorough analysis of each doctor's opinion as to Sexton's condition. Those doctors include: (1) Dr. Nazar (opined Sexton was unable to return to work); (2) Dr. Guarnaschelli (opined Sexton would be unable to return to full-time employment, driving, or being exposed to mechanical equipment); (3) Dr. Pienkos (opined a follow-up within the year); and (4) Dr. Kakel (opined that Sexton should have work restrictions such as sedentary work; occasional lifting, carrying, pushing, and pulling of 10 pounds or less; and limited standing or walking).

## STANDARD OF REVIEW

Our review of an opinion of the Workers' Compensation Board is limited. We only reverse the Board's opinion when "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). In reviewing the Board's opinion, we look to the ALJ's opinion. The ALJ's findings of fact will not be disturbed if supported by substantial evidence. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984). And, the ALJ, as fact-finder, possesses the discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Our review proceeds accordingly.

## ANALYSIS

The ALJ, rather than the reviewing court, is the fact-finder. KRS[4] 342.285. Therefore, the ALJ has sole discretion to determine the weight, credibility, quality, character, and substance of evidence and the inference to be drawn from the evidence. *Paramount Foods, Inc.*, 695 S.W.2d at 419. The ALJ has the discretion to choose whom and what to believe. *Addington Res., Inc. v. Perkins*, 947 S.W.2d 421, 422 (Ky. App. 1997). The ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of

---

[4] Kentucky Revised Statutes.

whether it came from the same witness or the same adversary party's total proof. *Caudill v. Maloney's Disc. Stores*, 560 S.W.2d 15, 16 (Ky. 1977).

Although a party may identify to a reviewing court evidence which would support a conclusion contrary to the ALJ's decision, such evidence can serve as the basis for reversal only when there is a total absence of substantial evidence to affirm it. *McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46, 47 (Ky. 1974). "[A]n ALJ may pick and choose among conflicting medical opinions and has the sole authority to determine whom to believe." *Copar, Inc. v. Rogers*, 127 S.W.3d 554, 561 (Ky. 2003) (citing *Pruitt v. Bugg Brothers*, 547 S.W.2d 123 (Ky. 1977)).

Where the decision of the fact-finder is in opposition to the party with the burden of proof, that party bears the additional burden on appeal of showing that the evidence was so overwhelming it compelled a finding in his favor and that no reasonable person could have failed to be persuaded by it. *Mosely v. Ford Motor Co.*, 968 S.W.2d 675, 678 (Ky. App. 1998). To clear this threshold, evidence must be so overwhelming that no reasonable person could reach the same conclusion as the ALJ. *Crum*, 673 S.W.2d at 736.

After review of the record, we are not persuaded by Sexton's argument. The ALJ was most persuaded by restrictions laid out by Dr. Kakel's evaluation, permitting him to work on a sedentary level with limited lifting. The

ALJ also found it was significant that Sexton no longer used pain management treatment in the form of narcotics but, instead, elects to manage symptoms with over-the-counter medication. Even though another doctor stated Sexton is not capable of employment, it is not the function of this Court to reweigh evidence. *Whittaker v. Rowland*, 998 S.W.2d 479, 482 (Ky. 1999). That role belongs to the ALJ. *Pruitt*, 547 S.W.2d at 124.

Sexton simply points out the evidence favorable to him and argues the ALJ should have sided with the physician opinions he preferred. The ALJ provided a thorough summary of the medical opinions and articulated its reasoning, finding Dr. Kakel the most persuasive. Therefore, we affirm the ALJ's and the Board's opinion.

## **CONCLUSION**

Based on the foregoing, we affirm the ALJ's and Workers' Compensation Board's opinions and orders.

ALL CONCUR.

BRIEF FOR APPELLANT:

Stephanie N. Wolfinbarger
Louisville, Kentucky

BRIEF FOR APPELLEE WELDON
DEWEESE TREE SERVICE:

Douglas A. U'Sellis
Louisville, Kentucky