# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: OCTOBER 28, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0111-WC

MICHELE HAMPTON, AS ADMINISTRATIX          APPELLANT
OF THE ESTATE OF GEOFFREY HAMPTON

|  | ON APPEAL FROM COURT OF APPEALS |  |
|---|---|---|
| V. | NO. 2018-CA-1703 |  |
|  | WORKERS' COMPENSATION BOARD |  |
|  | NO. WC-09-78569 |  |

INTECH CONTRACTING, LLC;          APPELLEES
HONORABLE JONATHAN WEATHERBY,
ADMINISTRATIVE LAW JUDGE AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Michelle Hampton, as the administrator of Geoffrey Hampton's estate, appeals the Court of Appeals' decision which affirmed the Workers' Compensation Board ruling that Geoffrey Hampton's travel expenses to Oklahoma to seek treatment were not compensable and that the Administrative Law Judge's (ALJ) order denying Hampton reimbursement for home healthcare services was backed by substantial evidence. For the following reasons, we affirm.

## I. Factual and Procedural Background

While working on a bridge for Intech Contracting, LLC in 2009, Hampton became disoriented when he suffered an acute hypoglycemic attack, falling sixty-two feet and causing severe damage to his spine, vocal chords, and ultimately resulting in a leg amputation. Hampton filed a workers' compensation claim. The ALJ awarded Hampton permanent total disability in 2014, additionally finding that Hampton's diabetes was exacerbated by his injury and required Intech to pay for Hampton's diabetes treatment for eighteen months from the date of his injury. Consequently, Intech bore no responsibility for Hampton's diabetic needs after March 9, 2011.

Following the ALJ's award of permanent total disability, Hampton moved briefly to Oklahoma in the fall of 2015. As a member of the Cherokee Nation, Hampton qualified for care at its healthcare facility. Medical records indicate that during his stay in Oklahoma, Hampton sought treatment several times. Initially, Hampton was admitted to the Cherokee Nation Hastings Hospital complaining of chronic back pain but refused all treatment options except for narcotics. Shortly thereafter Hampton was treated at Northeastern Health Systems after complaining of chronic neck pain. Finally, Hampton's hospital records from the Oklahoma State University Hospital indicate that he was admitted after being found unconscious in his apartment with high blood glucose. Notably, Hampton travelled to Oklahoma without a referral from his designated physician and lived unassisted despite his award of home health assistance in Kentucky.

2

In November and December 2015, following his treatment in Oklahoma, Hampton filed for reimbursement of his travel expenses incurred while traveling to the Cherokee Nations Hospital in Tahlequah, Oklahoma. Contemporaneous with his reimbursement form Hampton requested modifications to his home, vehicle, and boat due to physical limitations resulting from his disability. Intech filed a medical dispute and a motion to reopen on February 1, 2016. In response to Intech's dispute, Hampton argued that because Intech failed to respond within thirty days of receiving his statement of services, its delay constituted a waiver pursuant to KRS[1] 342.020(4) and it was not entitled to dispute his travel expenses. The ALJ disagreed with Hampton and decided the matter, finding that Hampton's travel expenses were non-compensatory because he was not referred by a designated physician. Likewise, Hampton's diabetic treatment did not qualify for reimbursement because he had already been compensated for diabetic treatment resulting from his injury. As noted, Intech's responsibility for Hampton's diabetic treatment had expired in 2011.

The ALJ also adjudicated a number of other issues. Relevant to this appeal, the ALJ determined that Hampton was entitled to have his home and boat evaluated for possible accommodations. However, Hampton's request for home healthcare was denied along with his request for vehicle modifications. Both Intech and Hampton appealed to the Board. The Board affirmed the

---

[1] Kentucky Revised Statutes.

3

ALJ's findings in all respects, except it remanded for further factual findings regarding Hampton's treatment at the Oklahoma State University Hospital.[2] Thereafter, Hampton appealed to the Court of Appeals challenging the denial of his home healthcare and travel reimbursement. The Court of Appeals affirmed the Board's decision and this appeal followed.

## II. Standard of Review

The well-established standard of review for the appellate courts of a workers' compensation decision "is to correct the [Workers' Compensation] Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *E.g., Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992); *Butler's Fleet Serv. v. Martin*, 173 S.W.3d 628, 631 (Ky.App. 2005); *Wal-Mart v. Southers*, 152 S.W.3d 242, 245 (Ky.App. 2004). *See also Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986) (if the fact-finder finds in favor of the person having the burden of proof, the burden on appeal is only to show that there was some substantial evidence to support the decision); *cf. Gray v. Trimmaster*, 173 S.W.3d 236, 241 (Ky. 2005) (if the ALJ finds against the party having the burden of proof, the appellant must "show that the ALJ misapplied the law or

---

[2] The record is unclear regarding the outcome of the Board's remand to the ALJ regarding the compensability of Hampton's treatment at OSUH. However, those costs are not at issue in this appeal.

that the evidence in her favor was so overwhelming that it compelled a favorable finding").

### III. Analysis

With regards to Hampton's home healthcare costs, we note that the ALJ sufficiently supported his conclusion that the home healthcare costs were non-compensable. While Hampton relied on the deposition testimony of Dr. Salles[3] stating that home healthcare services were necessary and reasonable, Dr. Salles had also stated in a previous deposition that Hampton was largely independent. Moreover, Hampton had traveled to Oklahoma on more than one occasion without assistance and he had lived in Oklahoma for a year and a half with no accommodations. Hampton also exercised regularly on his own. Given the conflicting evidence, the ALJ properly exercised his discretion as fact-finder.

Next, we must determine whether Intech was required to challenge Hampton's request for reimbursement for his travel to Oklahoma within thirty days pursuant to KRS 342.020(4).[4] Intech does not dispute that it waited more than thirty days to file a fee dispute. Hampton contends that because Intech failed to act timely the ALJ lacked jurisdiction to consider the reasonableness

---

[3] Dr. Salles was the primary physician charged with Hampton's care and rehabilitation resulting from the work injury.

[4] KRS 342.020(4) states in relevant part that: "[t]he employer, insurer, . . . shall make all payments for services rendered to an employee directly to the provider of the services within thirty (30) days of receipt of a statement for services." As the Court of Appeals noted, we have construed this statute to require that employers contest a post-award medical bill within thirty days. *Kentucky Associated Gen. Contractors Self-Ins. Fund v. Lowther,* 330 S.W.3d 456, 459 (Ky. 2010).

5

of the travel expense. *See Lawson v. Toyota Motor Mfg. Kentucky, Inc.*, 330 S.W.3d 452 (Ky. 2010) (reasoning that the employer's failure to comply with KRS 342.020's thirty-day requirement precluded the ALJ from considering the fee dispute entirely). Hampton's reliance on *Lawson* is misplaced. As 803 KAR[5] 25:096 § 8(3) clearly states, Intech did not have an obligation to challenge the reimbursement request if the "statement for services clearly indicates that the services were not performed for a work-related condition."[6] Hampton's medical records indicate that while he was in Oklahoma he was treated for an acute diabetic episode, which had already been adjudicated in a previous administrative hearing and for which Intech was not responsible at the time of his hospitalization. Notably, while Hampton's medical records did include additional hospital visits for back and neck pain, the record is devoid of any evidence that would indicate that Hampton made Intech aware of those services.[7] Under these circumstances, Intech was under no obligation to file within thirty days. Since Intech's motion did not implicate KRS 342.020, the

---

[5] Kentucky Administrative Regulations.

[6] Hampton's original form 114 stated that his services were for back pain, neck pain, and arm numbness. This statement alone is not clearly unrelated to his work-related condition. However, Hampton's subsequently submitted medical records attached to a map of his travel for compensation "clearly indicate[d]" that the reason for his travel was treatment for diabetes. It was therefore clear to Intech that the services "were not performed for a work-related condition" pursuant to 803 KAR 25:096.

[7] In fact, the two form 114's which Hampton submitted to Intech also failed to name the designated physician which referred Hampton to any of the Oklahoma facilities which he visited.

6

ALJ had the necessary jurisdiction to consider the reasonableness and necessity of the travel expenses.

## IV. Conclusion

For the reasons stated above, we affirm the Court of Appeals' decision.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Charles William Gorham
The Law Offices of Charles W. Gorham


COUNSEL FOR APPELLEE,
INTECH CONTRACTING, LLC:

Walter Alexander Ward
Ward, Hocker & Thornton, PLLC


COUNSEL FOR APPELLEE,
HONORABLE JONATHAN WEATHERBY,
ADMINISTRATIVE LAW JUDGE:

Not Represented by Counsel

COUNSEL FOR APPELLEE,
WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey,
Chairman