RENDERED: FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1310-WC

LFUCG POLICE DEPARTMENT                     APPELLANT


                  PETITION FOR REVIEW OF A DECISION
v.           OF THE WORKERS' COMPENSATION BOARD
                      ACTION NO. WC-13-89089


DEBORAH HURT; BLUEGRASS
ORTHOPEDICS; DR. HARRY
LOCKSTADT; HONORABLE JOHN
B. COLEMAN, ADMINISTRATIVE
LAW JUDGE; AND WORKERS
COMPENSATION BOARD                         APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND ECKERLE, JUDGES.

COMBS, JUDGE: This is an appeal from a Workers' Compensation case

involving a post-award medical fee dispute filed by the Appellant, LFUCG Police

Department (LFUCG), contesting a proposed surgery by Dr. Lockstadt. The

Administrative Law Judge (ALJ) found the surgery compensable, and the Workers' Compensation Board affirmed. Finding no error after our review, we affirm the Board.

The underlying claim arose out of a February 17, 2013, work-related motor vehicle accident. Hurt and LFUCG settled the claim in 2015, and pursuant to KRS[1] 342.020, Hurt's right to medical benefits was left open.

On September 20, 2021, Dr. Lockstadt requested approval for a C3-4, C4-5 posterior cervical decompression and fusion surgery. Dr. Farrage performed utilization review and found no apparent medical necessity for the proposed surgery.

LFUCG filed a motion to reopen resulting in a medical fee dispute. LFUCG challenged the proposed surgery on grounds of reasonableness, necessity, and work-relatedness. Dr. Kriss evaluated Hurt at LFUCG's request and found no indication for decompression surgery, but he did recommend non-operative treatment.

Hurt testified by deposition and at the final hearing. She testified to ongoing pain in her neck since the accident. Hurt submitted records from Dr. Lockstadt as evidence and took his deposition. Dr. Lockstadt diagnosed spondylosis or degenerative arthritis at C4-5, C5-6, and C6-7. Dr. Lockstadt

---

[1] Kentucky Revised Statutes.

testified that he has found the proposed surgical procedure to be quite successful relating to arthritis in the back of the neck. He explained that it is performed by means of a tiny cut with x-rays and through tubes, and small spacers are then placed in the painful arthritic joints in the neck -- resulting often in dramatic improvement in neck pain.

The crux of this appeal involves a portion of Dr. Lockstadt's testimony. Dr. Lockstadt was asked whether he could state within the realm of reasonable medical probability whether the subject procedure was related to the subject accident or to pre-existing problems. Dr. Lockstadt responded, "I don't know the answer to that. There is no way to determine the answer. What we've had previously, we had this special fund where 50 percent was attributed to the car accident, 50 percent to other causes."

On June 28, 2022, the ALJ rendered a detailed opinion and order as follows in relevant part:

> [A] review of Dr. Lockstadt's records reveals the note of August 24, 2020, wherein it was indicated the symptomatic cervical spondylosis was felt to relate back to the 2013 injury event. In his testimony, Dr. Lockstadt noted the relatedness question was now difficult to answer, but that previously under the "Special Fund" it would be apportioned 50/50. Of course, this is a reference to the prior version of KRS 342.120, which placed one-half of the liability for income benefits on the Special Fund when an injury was found to be the result of the arousal of pre-existing degenerative conditions into disabling reality. To the undersigned, this statement by

Dr. Lockstadt is tantamount to his offering the opinion the need for the surgery is the result of the arousal of pre-existing degenerative changes into disability reality by the work-related event. This, along with Hurt's own testimony regarding the continuation of her symptoms following her work-related automobile accident and the statements in the medical record from August 24, 2020, persuades me the symptoms and the request for treatment are related to the effects of the work injury.

As the posterior cervical fusion is conditionally recommended, the request must be accompanied by sound medical reasoning. I am persuaded Dr. Lockstadt has offered sound medical reasoning for his surgical recommendation. He clearly stated in his surgery request and his deposition testimony that conservative treatment options have been maximized[.] . . . He discussed the recommendation for the placement of spacers, which is noted to be supported in the ODG.[2] After considering the entirety of the evidence, not only as summarized above, but as contained in the entire record, I am persuaded the recommended surgical procedure is causally related to the work injury in 2013, and is reasonable and necessary. Therefore, it is compensable under KRS 342.020.

LFUCG filed a petition for reconsideration and argued that the ALJ had "mistakenly relied" upon Dr. Lockstadt. By order rendered July 29, 2022, the ALJ denied LFUCG's petition as a re-argument of the evidence.

---

[2] Occupational Disability Guidelines. The ALJ discussed Kentucky's adoption of the treatment guidelines contained in 803 Kentucky Administrative Regulations (KAR) 25:260, noting that medical treatment which is "not recommended" under the ODG may be found compensable if the medical provider articulates sound medical reasoning for the treatment.

-4-

LFUCG appealed to the Board and again argued that the ALJ's interpretation of Dr. Lockstadt's testimony was "nothing more than an unsubstantiated guess" as to what the doctor meant and that the other evidence cited by the ALJ did not support the reasonableness, necessity, or work-relatedness of the proposed surgery.

By opinion rendered October 14, 2022, a unanimous Board affirmed as follows:

> We note LFU[CG] argued it bears the burden of proof regarding reasonableness and necessity of treatment, but that Hurt bears the burden of proof regarding causation and the work-relatedness of the treatment. LFU[CG] cites Addington Resources, Inc. v. Perkins, 947 S.W.2d 421 (Ky. App. 1997) for this proposition. The Board notes, however, the Kentucky Supreme Court has since acknowledged the burden of proof regarding work-relatedness in a post-award medical fee dispute is on the employer in two unpublished cases. C&T Hazard v. Stollings, 2012-SC-000834-WC, 2013 WL 5777066 (Ky. Oct. 24, 2013); Conifer Health v. Singleton, No. 2020-SC-0609-WC, 2021 WL 4487772 (Ky. Sept. 30, 2021). KRS 342.735(3) also states, in relevant part: "However, the employee has the burden of proof to show the medical expenses are related to the injury, reasonable and necessary prior to an application of benefits being filed and before an award or order of benefits. Thereafter, the burden is upon the employer."

> Since it bore the burden of proof and was unsuccessful before the ALJ, LFUCG must demonstrate the evidence compelled a different result. Snawder v. Stice, 576 S.W.2d 276 (Ky. App. 1979). For evidence to be compelling, it must be so overwhelming that no reasonable person could reach the same conclusion as the

ALJ. <u>REO Mechanical v. Barnes</u>, 691 S.W.2d 224 (Ky. App. 1985).

. . . .

LFUCG . . . contends the proposed surgery is not causally related to the work injury. It places particular emphasis on the deposition testimony of Dr. Lockstadt. . . . The ALJ inferred Dr. Lockstadt was referring to a prior version of KRS 342.120 when apportionment for income benefits would accrue one-half to the special fund when a dormant pre-existing condition was aroused into disabling reality by a work injury. The ALJ has "the sole discretion to determine the quality, character, weight and credibility and substance of the evidence, and to draw reasonable inferences from the evidence." <u>Bowerman v. Black Equipment Co.,</u> 297 S.W.3d 858, 866 (Ky. App. 2009). . . .

Dr. Lockstadt's records included his note from August 24, 2020 indicating [Hurt's] symptoms since 2013, when her work-related injury occurred, always related to her neck. Hurt also testified her symptoms were ongoing since the 2013 work-related MVA. Dr. Lockstadt also specifically testified he was not recommending this procedure when he treated Hurt previously in 2008. The ALJ found Hurt successfully proved the surgery was work-related and that finding was supported by substantial evidence; hence, the Board will not disturb the ALJ's findings.

On appeal, LFUCG contends that Dr. Lockstadt's apportionment comment shows his "complete lack of understanding of th[e] prior law as apportionment of income benefits had nothing to do with compensability of

-6-

medicals under KRS 342.020."[3]  However, this argument pertains to the weight of the evidence -- a matter which lies within the ALJ's sole discretion.  *Bowerman*, *supra*.

Once again, LFUCG argues that the ALJ's conclusion about what Dr. Lockstadt meant is nothing more than an unsubstantiated guess.  It also contends that the other evidence upon which the ALJ relied -- Dr. Lockstadt's August 24, 2020, note and Hurt's testimony -- cannot support the reasonableness, necessity, or work-relatedness of the proposed surgery.  However, the Board concluded that substantial evidence supports the ALJ's determination.  In essence, LFUCG is asking us to second-guess the Board.  That is not our function.

The standard of our review is well-settled:

> The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [this] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in

---

[3] *Derr Construction Company v. Bennett*, 873 S.W.2d 824, 827 (Ky. 1994), more fully explains the prior law:

> KRS 342.120(4) [now KRS 342.120(6)] specifically exempts the employer from paying income benefits for prior, active disability or for disability resulting from the arousal of a previously dormant condition.  However, KRS 342.020 contains **no such exemption regarding medical benefits**.  Liability for medical expenses requires only that an injury was caused by work and that medical treatment was necessitated by the injury.  Regardless of whether an injured worker's disability actually was caused by the arousal of a previously dormant condition rather than by the work-related injury, itself, the **employer has been held liable for the payment of medical benefits relative to the injury**.  (Emphases added.)

assessing the evidence so flagrant as to cause gross injustice.

*Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

We perceive no such error in the case before us.  On the contrary, we agree with the Board's sound analysis.

Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT: BRIEF FOR APPELLEE:

Marcel Smith James Martin
Lexington, Kentucky Lexington, Kentucky